# Spearman et al. *versus* Ward et al.

1. The Ohio statutes as construed by the courts of that state, do not remove the common law disability of married women to make contracts generally and personally.

2. The proceedings on a married woman's contract in Ohio under the Revised Statutes is practically a proceeding *in rem* not against the *feme covert* personally, or on the footing of a personal contract. If she has given a note or contracted a debt for the benefit of her separate estate, or under such circumstances as indicated an intention to charge her separate estate the proceeding is by petition, with a prayer to have the debt declared a lien upon the particular property, and to make the same

[Spearman v. Ward.]

subject to its payment.  In such cases, if equity requires the particular order to be made, it is done.

3. A married woman domiciled and carrying on a rolling mill business in the state of Ohio had real and personal estate in this commonwealth.  She purchased iron for said mill and gave her note in payment of the same in Ohio and payable there.  She assigned all her estate in the state of Ohio for the benefit of her creditors.  The payees in the note brought an action on it in this commonwealth.  *Held,* That there could be no recovery on it here.

November 9th, 1886.   Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.   MERCUR, C. J., absent.

ERROR to the Court of Common Pleas No. 2, of *Allegheny county :* Of October Term 1886, Nos. 211, 212, 213 and 214.

These were four actions of assumpsit by John J. Spearman, Branton H. Henderson, Walter Pierce, Joseph Forker and John Phillips, partners doing business as Spearman Iron Company against James Ward and Lizzie B. Ward his wife on four promissory notes of Eliza B. Ward.

Verdict for the plaintiffs in the sum of $5,230.66, subject to the opinion of the court on the following question of law reserved.

1. That at the time the notes in suit were given the defendant, Eliza B. Ward, was a married woman, resided with her husband at Niles, Ohio, and owned a rolling mill and carried the same on in her name.

2. That the notes in suit were given for iron purchased for the purposes of the mill in the manufacturing of sheet iron, and was made and payable in the state of Ohio.

3. That on the 27th of July, 1883, the defendant made a voluntary assignment for the benefit of creditors of all her property in the state of Ohio.

4. That she was one of the children of William H. Brown, a resident of the city of Pittsburgh, Allegheny county, Pennsylvania, who died in 1876, and from her father's estate she received in 1881, in personalty and realty, about $900,000, the principal part of the said realty being in Pennsylvania.

5. That the statutes of Ohio, on the subject of married women, are the Act of March 30th, 1874, and the sections of the Revised Code of 1880, copies of which are annexed hereto and made part hereof.

The verdict is subject to the opinion of the court on the question of law reserved, to wit, whether under these facts and the law of Ohio in reference to married women, as evidenced by the statutes referred to and the decisions of the Supreme Court of Ohio, the plaintiffs are entitled to recover in this action at law, and have execution against defendants' property in this state.

Revised Code of Ohio for 1880.   Section 4996.   A married

woman cannot prosecute or defend by next friend, but her husband must be joined with her, unless the action concerns 'her separate property, is upon her written obligation, concerns business in which she is a partner, is brought to set aside a deed or will, or to collect a legacy, or is between her and her husband.

Section 5319. When a married woman sues or is sued alone, like proceedings shall be had, and judgment may be rendered and enforced, as if she were unmarried, and her separate property and estate shall be liable for the judgment against her; but she shall be entitled to the benefit of all exemptions to heads of families.

An Act to amend Section 28 of the Code of Civil Procedure, passed April 18th, A. D. 1870. (O. L., Vol. 67, pp. 111 and 112.) Section 1. Be it enacted by the General Assembly of the state of Ohio, that section twenty-eight (28) of the code of civil procedure be amended so as to read as follows:

Section 28. Where a married woman is a party, her husband must be joined with her, except that when the action concerns her separate property, or is upon a written obligation, contract or agreement signed by her, or is brought by her to set aside a deed or will; or if she be engaged as owner or partner in any mercantile or other business, and the cause of action grows out of or concerns such business, or is between her and her husband, she may sue and be sued alone. And in all cases where she may sue or be sued alone, the like proceedings shall be had and the like judgment rendered and enforced in all respects as if she were an unmarried woman. And in every such case her separate property and estate shall be liable for any judgment rendered therein against her to the same extent as would the property of her husband, were the judgment rendered against him; provided that she shall be entitled to the benefit of all the exemption laws of the state to heads of families. But in no case shall she be required to prosecute or defend by her next friend.

Section 2. Said original section 28 is hereby repealed.

Section 3. This Act shall take effect and be in force from and after its passage.

The court entered judgment for the defendants *non obstante veredicto*, WHITE, J., filing the following opinion:

If the business had been carried on, and the notes given, in Pennsylvania no judgment could be obtained against Lizzie B. Ward. By the law of this state, which has been the law from its first settlement to this day, a married woman cannot enter into general mercantile or manufacturing business and cannot be held personally, or her estate be made liable for the payment of debts she may contract in the prosecution of such

business.   The policy of our law is to save her and protect her property from such hazardous adventures.

But the plaintiffs contend that by the laws of Ohio a married woman may engage in such business and is personally liable for her notes, and as the contract was legal there, it may be enforced against her and her property in this state.

I question the soundness of that position.   It is true that the *lex loci contractus* governs as to the legality and construction of a contract.   But the *lex fori* will not always enforce a contract because it was lawful where made.   It will not be enforced by the courts of other states where the contract is against public morals or the public interests.   The *lex loci* always governs as to the disability of minors, married women, etc., to contract; and sometimes it governs as to their ability to contract.   But I do not think it should always govern.   If so, the property in this state held by guardians, trustees, etc., might be swept away by contracts made in other states directly in conflict with our laws.   Our laws save a married woman's property from the debts or contracts of her husband and from her own imprudent acts.   Shall we enforce contracts that deprive her of this protection ?   We say she shall not engage in general business or bind herself or her estate by giving negotiable notes.   If another state allows her to give such notes shall we enter judgment on them and permit a foreign creditor to sweep away her paternal patrimony, which we would not allow one of our own citizens to touch ?

But passing that question, we come to the main contention in this case.   It is denied, on part of defendant, that the laws of Ohio authorize married women to enter into general business and bind themselves personally for notes given; that the statutes on the subject (quoted in the reserved question) do not remove the common law disability of married women to make contracts (except in a few specified cases—not such a case as this), but where they do engage in business, and execute notes in carrying it on, the property they have in the state may be made subject to the payment of them, in order to prevent a fraud upon creditors.

If that is the true construction of those statutes, then there is no general personal liability on which Mrs. Ward could be sued in this state; nor could her property here be made liable in either law or equity.   The decisions of the Supreme Court of Ohio must decide the question.

In the first place, it may be observed that the sections of the code and the act embraced in the special verdict—being the statutory provisions on which the plaintiffs rely—refer primarily to the mode in which a married woman may sue or be sued, and incidentally to the effect of a judgment against her,

[Spearman *v.* Ward.]

"her separate property and estate shall be liable for the judgment."  But there is not a word in these sections or act in the way of authorizing a married woman to make any contract. The argument of the plaintiffs is, that, because she may be sued in certain cases and a judgment obtained against her on which her property may be taken in execution, therefore she is authorized to make all such contracts and bind herself personally for all such debts.  On this mode of reasoning (quoting the words of the sections), a married woman in Ohio may become a "partner" in any kind of business; may enter into any "written obligation, contract or agreement"; may "be engaged as owner or partner in any mercantile or other business"; and if so, then, in Ohio, all the common law disabilities of married women are removed.

That such was not the intention of the legislature of Ohio is manifest from another section of the code which expressly authorizes a married woman to "make contracts for labor and materials for improving, repairing and cultivating" her real estate, and leasing the same "for any period not exceeding three years": Sec. 3108.

The Supreme Court of Ohio has repeatedly held that the provisions of the code referred to, sections 4496 and 5319, "were not intended to enlarge or vary the liabilities of married women, but relate merely to the form of remedy": Jenz *v.* Gugel, 26 Ohio St., 527; Allison *v.* Porter, 29 Ohio St., 136; Payne *v.* Thompson, decided March 23d, 1886, reported in The Weekly Law Bulletin and Ohio Law Journal of April 5th, 1886.  A married woman's common law disability to make contracts, remained in all cases, except where directly removed by statute.  Accordingly it was held in Levi *v.* Earl, 30 Ohio St., 167, she could not enter into partnership with her husband, and re-affirmed in Payne *v.* Thompson, *supra;* in Alexander *v.* Morgan, 31 Ohio St., 551, it was decided that a partnership, in which an unmarried woman was engaged, was dissolved by her marriage, because a married woman has no capacity to engage in business as a partner.  In McClelland *v.* Bishop, 42 Ohio St., 113, it was held that a joint note of husband and wife was the valid obligation of the husband alone.

The proceeding in Ohio, under the Revised Statutes, to secure payment of a note given by a married woman, is not against her personally, or on the footing of a personal liability. It is rather a proceeding in *rem*—a petition and prayer to have the debt declared a lien upon certain described property, and make this same subject to the payment.  It is based on the theory that when she contracted the debt, she intended to subject her separate property to its payment, and in equity the property should be made pay it.  An ordinary suit against her

[Spearman v. Ward.]

on the contract cannot be sustained, or a general judgment against her be obtained. If she has no property in the state, no action can be had against her. This is utterly inconsistent with the contention that the statutes give her capacity to contract and bind herself, or her property generally. At first the courts of Ohio held that before her separate property could be made subject to the payment of such debts, there must be evidence that she intended to make it subject.

But the later decisions hold that the presumption is she so intended, and she will not be allowed to testify that such was not her intention : Avery v. Van Sickle, 35 Ohio St., 270 ; Patrick v. Little, 36 Ohio St., 79 ; Herscherzer v. Florence, 39 Ohio St., 525.

In the very recent case above referred to, Payne v. Thompson, the law of Ohio as to the liability of married women, in cases like these, was stated by the plaintiffs' counsel, as strongly perhaps against them as the statutes would justify : " It may be well to define what we mean when we claim that a married woman may be a partner. It is not contended that she is a partner in the same sense in which a man is a partner. A person *sui juris* who is a partner thereby makes himself or herself personally liable at law for all engagements contracted in the partnership business by any of the partners. This we do not claim to be true as to a married woman, but we do claim that a married woman may embark her separate estate in trade, that this trade may be carried on alone or in conjunction with other persons, and that her separate estate may be charged in equity with the satisfaction of engagements entered into in the course of such joint trade, either by herself or her associates."

This statement of the law was virtually admitted by the court to be correct, but it was held that Mrs. Thompson's property was not chargeable with the debts of the firm because she had no capacity to enter into a partnership, even with her husband.

The Supreme Court of Ohio having held that the sections of the Revised Statutes relied upon by the plaintiff did not enlarge the powers of married women, but related merely to the remedy (Payne v. Thompson, *supra*), we have nothing left on which to sustain these actions. It will hardly be contended that we are bound to enforce the forms of remedy under the Ohio law ; nor does it follow that if Mrs. Ward intended when she gave these notes to subject her property in Ohio to their payment she also intended to subject her separate real estate in Pennsylvania.

We are of opinion that the law is with the defendants on the reserved questions.

And now, July 31st, 1886, after argument by counsel on the

questions of law reserved, and consideration thereof, it is ordered that judgment be entered, for the defendants on the same, *non obstante veredicto,* in each of the four cases.

Judgment was accordingly entered whereupon the plaintiffs took this writ, assigning the entry of the judgment for error.

*John Dalzell (Joseph N. McClure* with him), for plaintiffs in error.

*A. M. Brown (John A. Buchanan* with him), for defendants in error.

Mr. Justice PAXSON delivered the opinion of the court, January 3d, 1887.

These cases involve the same principle and were argued together. They present the question whether the real estate in Pennsylvania, of a married woman domiciled, and doing business in the State of Ohio, is liable for her general debts contracted in the course of said business.

It was conceded upon the argument that if by the law of the State of Ohio the common law disabilities of married women have been removed, and the defendant is clothed with a general power of contracting, the same as a *feme sole,* the plaintiff would be entitled to obtain a judgment against her here, which could be enforced by execution as in other cases.

It is very certain that if the defendant had carried on business in this state, and had given the notes here, there could be no recovery. The reason is that the note or other obligation of a married woman here is void, as at common law. She is permitted to make certain contracts, which I need not specify, for the benefit of her separate estate, which may be enforced against her, not because they are valid and binding contracts at common law, but for the reason that they are expressly authorized by statute, or being beneficial to her, equity requires them to be enforced.

The statutes of the State of Ohio attached to the special verdict do not confer upon a married woman a general power of contracting. They do not authorize married women to enter into general business and bind themselves personally for notes given. The Ohio Statutes as construed by the courts of that state, do not remove the common law disability of married women to make contracts (except in a few specified cases of which this is not one). They do provide that where married women engage in business, and execute notes in carrying it on, a court of equity will hold their separate estate liable, so far as it is found within the state, in order to prevent a fraud upon creditors. In other words, when she has a separate estate, and

contracts upon the credit of it, equity will not allow the creditor who has parted with his property or money on the faith of it, to be defrauded.

That sections 4,996 and 5,319 of the Ohio Code, adopted in 1880, and annexed to the special verdict do not, and were not intended to enlarge the powers of married women and to remove their common law disabilities, clearly appears from the decisions of the Supreme Court of that state. They were intended to prescribe the instances in which they may sue and be sued alone, and to alter, and perhaps enlarge the remedy: Jenz *v*. Gugel, 26 Ohio St., 527 ; Allison *v*. Porter, 29 Id., 136. In Avery *v*. Van Sickle, 35 Id., 270, it was said by BOYNTON, J., in delivering the opinion of the court: "The cases of Jenz *v*. Gugel, and Allison *v*. Porter are decisive of the question that no new cause of action was created (by the code), and the character of the action was in no wise changed; that it is plain that it was not intended to remove the incapacity of a married woman to enter into contracts binding at law." · In Phillips *v*. Graves, 20 Id., it was held that a *feme covert* may charge her separate estate, at least to the extent that such liability may be incurred for the benefit of such separate estate; that such power is only limited by the terms of the instrument creating such estate, or by implication arising therefrom; that the intention to change the separate estate may be implied by the giving of a bond or note; that courts of equity will enforce payment out of the separate estate through a receiver, 1st, by sequestering the personal property ; 2d, by sequestering the rents and profits of the realty, and, 3d, by a sale of the real estate if necessary. In Levi *v*. Earl, 30 Id., 147, the syllabus, which is the law of the case, reads as follows: "The ground upon which a court of equity charges a married woman's separate estate for her general engagements in the absence of a valid contract binding the same, or of an express charge thereon, is not because her contracts have any validity, nor by way of appointment or charge, but because the circumstances are such that equity decrees it to be just that they should be paid out of said estate." That case rules that under the statute the separate estate of a married woman is liable for debts contracted in improving, repairing or cultivating it. In such cases the wife is liable in an action at law, but all other obligations are void as at common law. It was said by the court: The *jus disponendi* which attaches in Ohio to the estate of a married woman is largely regulated by statute. She cannot convey or mortgage or lease for a longer period than three years without consent of her husband . . . . . all contracts made by her concerning her separate estate other than for labor and materials for improving, repairing and cultivating the same are sub-

4 AMERMAN—41

[Spearman *v.* Ward.]

ject to her disabilities as a *feme covert* . . . . . except where a case is made out for a court of equity to charge her separate estate." In Rice *v.* The Railroad Co., 32 Ohio, it was held that the separate property of a married woman was not liable for her general engagements, in the absence of a contract valid in law to bind the same. In the recent case of Payne *v.* Thompson, decided in March, 1886, and reported in the Ohio Law Journal of April 5th, the court says: "Except so far as capacity has been given to her (*feme covert*) by statute to bind herself by her contracts, they are void. . . . . . It should be borne in mind that the provisions of sections 4,996 and 5,319 of the Revised Statutes, were not intended to enlarge or vary the liabilities of married women, but relate merely to the form of the remedy." Many other cases to the same point might be cited were it necessary.

A careful examination of the authorities cited for the plaintiff fails to show any that break the force of the foregoing. None of them holds that by the law of Ohio a married woman can be held personally on her contracts generally.

As I understand the proceedings in Ohio under the Revised Statutes it is practically a proceeding in *rem* not against the *feme covert* personally or on the footing of a personal contract. If she has given a note or contracted a debt for the benefit of her separate estate, or under such circumstances as indicate an intention to charge her separate estate, the proceeding is by petition with a prayer to have the debt declared a lien upon the particular property, and to make the same subject to its payment. In such cases if equity requires the particular order to be made it is done. How widely this differs from an absolute personal liability is apparent. It is true in Patrick *v.* Littell, 36 Ohio St., 79, the court allowed a personal judgment to be recovered against a married woman. But it was upon a contract affecting her separate estate, and where the authority to contract exists there is no doubt that under the Code, a general or personal judgment may be given. But the difficulty which underlies the plaintiff's case, and confronts him at every turn, is that the Revised Statutes of Ohio do not authorize married women to contract generally and personally. With a few exceptions her powers in this respect remain as at the common law.

The judgment in each case is affirmed.