# MARY A. EVANS v. P. CLEARY.

ERROR TO THE COURT OF COMMON PLEAS OF CHESTER
COUNTY.

Argued February 13, 1889—Decided April 8, 1889.

[To be reported.]

1. The act of April 11, 1848, P. L. 536, which secures to married women the ownership and enjoyment of their separate property and subjects it to seizure for their debts contracted after marriage for necessaries, renders legacies and distributive shares due to married women subject to seizure by foreign attachment, thus repealing the proviso to § 1, act of July 27, 1842, P. L. 436.

2. Where a contract is made by a married woman in a state under the laws of which a recovery may be had thereon against her alone, without joining her husband, it is not necessary in a proceeding in this state to enforce such judgment against her, to join the husband as a co-defendant, although the proceeding be instituted prior to the act of June 3, 1887, P. L. 332.

3. In an action of debt based upon a transcript of the record of a judgment obtained before a justice of the peace in another state, duly certified as required by § 4, act of February 27, 1845 P. L., 73, the transcript is prima facie evidence of the defendant's liability upon a contract debt which has become merged in a judgment.

4. In the absence of proof of a statute of the foreign state which puts a judgment obtained before a justice there, upon the same footing with a simple contract debt as to the statute of limitations, the law of that state will be presumed to be the same as ours and the statute of limitations will not be held to bar an action on the transcript at the end of six years from the entry of the judgment.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 174 July Term 1888, Sup. Ct.; court below, No. 28 October Term, 1885, C. P.

On September 7, 1885, P. Cleary issued a writ of foreign attachment in debt, against T. B. Evans and Mary A. Evans his wife, with whom he joined John J. Pinkerton et al., executors of John Todd deceased, to attach a legacy held by said executors for Mary A. Evans under the will of John Todd, her

father. The cause of action was a transcript of the judgment of a justice of the peace of Illinois, obtained against Mrs. Evans for necessaries, more than six years before, by the plaintiff, both plaintiff and Mrs. Evans being at the time residents of Chicago.

On May 3, 1886, Mrs. Evans took a rule to quash the writ on the ground that § 1, act of July 27, 1842, P. L. 436, authorizing the attachment of legacies by foreign attachment, provides that the act, "shall not extend to legacies and distributive shares of married women." The court discharged the rule on the ground that the act of April 11, 1848, P. L. 536, securing to a married woman the enjoyment of her separate estate, but subjecting it to seizure for her debts contracted for necessaries after her marriage, authorized such attachment; exception.[1]

On the trial, the plaintiff moved to amend the record by striking out the names of T. B. Evans and his wife and substituting the name of Mary A. Evans. Motion granted and record so amended; exception.[5]

The plaintiff offered in evidence a transcript of the justice of the peace of Cook county, Illinois, in the suit of P. Cleary against Mary A. Evans, certified under the certificate and seal of the clerk of the court and verified by the county judge, showing a judgment against Mary A. Evans for $69, and $5.05 costs, entered August 4, 1877.

Objected to, by defendant: 1. Because this is not the proceedings of a court of record in the state of Illinois; by the laws of Illinois the justice of the peace is not a court of record. 2. Because it is barred by the statute of limitations. 3. Because the laws of Pennsylvania have not been complied with in obtaining a judgment at the time this suit was brought, that is, in not bringing it against both husband and wife.

By the court: Objection overruled; exception.[4]

The plaintiff also put in evidence the following statutes of Illinois.

### CH. 68.

Sec. 6. Contracts may be made and liabilities incurred by a wife, and the same enforced against her, to the same extent and in the same manner as if she were unmarried, but except with the consent of her husband she may not enter into or carry on any partnership business unless her husband have

abandoned or deserted her, or has become insane or is confined in the penitentiary.

Sec. 15. The expenses of the family, and the education of the children, shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor; and in relation thereto they may be sued jointly or separately.

## CH. 83.

Sec. 16. Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidence of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued, but if any payment or new promise to pay shall have been made in writing of any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the said period of ten years, then an action shall be commenced thereon at any time within ten years after the time of such payment or promise to pay.

Sec. 5. All civil actions not otherwise provided for shall be commenced within five years next after the cause of action.

WADDELL, J., charged the jury and answered the points submitted by the defendant, as follows:

This is what is called a foreign attachment. The defendant lives in the state of Illinois, and has property coming to her from her father's estate in Chester county. The plaintiff in this action, learning that fact, and having a claim against her, issued an attachment attaching her interest in her father's estate. He proceeded in the state of Illinois and obtained judgment against her for the sum of $69, with $5.05 costs; and he has sent that judgment to this state properly certified under the act of assembly, so as to make it evidence in our court. The defendant objects to this chiefly upon legal grounds, but has nothing to say against the fact as it is presented by the plaintiff. The defendant asks the court to say to you:

1. The proceedings are in rem, or in rem et in personam, and the property attached being a legacy of the defendant, Mary A. Evans, who is a married woman, the verdict must be for the defendant.

Answer: The court does not agree with the counsel for the defendant as to the law of the case, and therefore disaffirms this point.[2]

2. Under the evidence, the verdict should be for the defendant.

Answer: From the hasty examination which we have been called upon to give the questions here presented, we cannot join in that request, and must disaffirm that point.[3]

The court differing with the counsel for the defendant in the law of the case, there is therefore nothing left but for you, under the instructions of the court, to render a verdict for the plaintiff for the amount of his claim.

Verdict for plaintiff for $121.03, and judgment thereon; whereupon the defendant, Mary A. Evans, took this writ, assigning for error:

1. The discharge of defendant's rule to quash the writ.[1]
2, 3. The refusal of defendant's points.[2] [3]
4. The admission of plaintiff's offer.[4]
5. The amendment of the record.[5]

*Mr. Abraham Wanger*, for the plaintiff in error:

1. A married woman's legacy is not subject to the process of foreign attachment, but is expressly excepted by the act of 1842. Hence there is no statute authorizing the attachment. There are no words in the act of 1848 that are in conflict with the proviso of the act of 1842, or inconsistent with its remaining the law. To repeal a law by implication the intent or repealing clause must be clear: Sifred v. Commonwealth, 104 Pa. 179. All process of execution is a creature of statutes. As regards execution or attachment against legacies of married women, if there is no statute, to say that the process of attachment, by virtue of the act of 1848, extends to married women's legacies, is to create such a statute by implication.

2. The transcript of the justice was barred by the statutes of limitation of Pennsylvania. Lex fori and not lex loci contractus applies: Hoag v. Dessan, 1 Pittsb. 390. "Parol, specialty, and record," are the forms of contract or evidence of debt: 2 Shars. Bl. Com. 462, n. 25. The forum of a justice of the peace is not a court of record: Snyder v. Wise, 10 Pa. 158. There is nothing about this transcript to constitute it a specialty. It is not entered in the prothonotary's office or Common Pleas, and is not of record. Is it not simply a statement of the claim and no more than a simple contract?

*Mr. H. H. Gilkyson*, for the defendant in error:

1. The proviso to the act of 1842 has been repealed by the act of 1848. The act of 1848 created a radical change in the rights and liabilities of married women. Certain rights were secured to her and certain liabilities imposed. The act provides that her property shall be hers absolutely, and places it beyond the reach of her husband's creditors, but liable for her own debts, contracted for necéssaries. The act also provides a remedy for the collection of those debts, and clearly authorizes the issuing of execution, and that levy and satisfaction be made out of the separate property of the wife.

2. The transcript of the justice's judgment was admissible. Such a judgment is not within the purview of the act of congress of 1790, 1 R. S. U. S. § 905, which provides for the proper authentication of judgments and judicial records of sister states. The method of proof and authentication of judgments of justices of the peace of other states, is provided for in this state by the act of March 29, 1860, P. L. 342, and this judgment having been so proven, is entitled to the same faith and credit that attaches to it in the state of Illinois. The act of congress of 1790, only presents a general mode of authentication of records; it does not exclude any other evidence which the courts of a particular state may deem expedient; other evidence, good, according to established principle, independently of the act of congress, may be admitted: Snyder v. Wise, 10 Pa. 158; Ohio v. Hinchman, 27 Pa. 485; Kean v. Rice, 12 S. & R. 308; Otto v. Trump, 115 Pa. 430.

3. That an action on this judgment was not barred by the statute of limitations, § 1, act of March 27, 1731, 1 Sm. L. 76, is shown by the words of the statute, which are as follows: " All actions of debt, grounded upon any lending or contract, without specialty, all actions of debt for arrearages of rent . . . . . shall be commenced and sued within six years next after the cause of such actions or suits and not after." This action is within neither the words nor the intention of the legislature. It is not founded upon a contract of any kind, but upon a judgment of a court of competent jurisdiction, entered against the defendant after due process of law, and personal service upon her.

OPINION, MR. JUSTICE WILLIAMS:

The claim of the plaintiff is for necessaries furnished to Mary A. Evans, who was then and still is a married woman. She was domiciled in Chicago in the state of Illinois, where she contracted for the goods with Cleary, a grocer of the same city. The statutes of Illinois provide that a married woman may make contracts and incur liabilities in the same manner as if she was unmarried, and that such contracts and liabilities may be enforced against her separately; with the proviso that she may not enter into a partnership contract without his consent, unless he has deserted her or become insane or is confined in the penitentiary. Section 15 of chapter 68 of the statutes of Illinois also provides that " the expenses of the family and the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor; and in relation thereto they may be sued jointly or separately." Under the laws of the state in which the parties were domiciled and the contract for necessaries made, Mrs. Evans was competent to contract and liable to be sued in the same manner as if she had not been married. Cleary brought an action upon the contract of Mrs. Evans against her alone, and recovered a judgment before a justice of the peace in the city of Chicago for the amount of the necessaries furnished her. In 1885 this action was brought in the Common Pleas of Chester county by foreign attachment, and a legacy due Mrs. Evans was attached. It is now urged that the legacy was protected from attachment by the proviso in the foreign attachment law of 1842; that there can be no recovery against her without her husband is joined in the action and judgment; and that the statute of limitations is a defence to this action, as the action was not brought within six years after the rendition of the judgment in Chicago.

The act of 1848 restrained the marital rights of the husband and relieved him from liability for debts contracted by his wife before marriage. It secured to her the ownership and enjoyment of her separate property, but it subjected it to seizure for her debts contracted before marriage, for necessaries contracted for by her after marriage, and for her torts. For debts and demands belonging to the classes just enumerated, the act of 1848 declares that executions " may be levied upon and satis-

fied out of the separate property of the wife secured to her under the provisions of the first section of this act." This language is comprehensive enough to embrace legacies and distributive shares due to married women and subject them to seizure for demands like that on which this attachment issued.

As to the non-joinder of the husband, it is only necessary to say that the contract which the plaintiff is seeking to enforce was not made in this state, where prior to the act of 1887 such joinder was necessary, but in the state of Illinois, where Mrs. Evans lived, and where she was competent to contract and liable to be sued without regard to her husband. In all matters relating to the remedy merely, the lex fori prevails, but the liability of a party to a contract depends on the lex loci contractus: Greenwood v. Curtis, 6 Mass. 358; Swan v. Swan, 21 Fed. Rep. 299; Thompson v. Ketcham, 8 Johns. 146; Smith's and Wolff's Appeal, 104 Pa. 381. This question was also considered in the recent case of Spearman v. Ward, 114 Pa. 634, in which an effort was made to enforce the contract of a married woman made in Ohio. The action was against her, and it failed, not because the contract was not clearly proved, but because it did not appear that she was competent to make it, and liable upon it, by the laws of that state.

The remaining question is, whether the statute of limitations is a bar to this action. The plaintiff's right of action upon a transcript of a judgment, rendered by a justice of the peace of another state, is given by the act of 1845. In the fourth section it is provided, that "the plaintiff, or the party in interest in such cases, shall, as evidence of his demand, produce on the trial a copy of the record or docket-entry of the proceedings had before the justice who tried the original action, with his affidavit thereunto annexed, certifying the same to be a true and full copy of the record of the proceedings had before him, and that the judgment remains in force, and has not, to his knowledge, been vacated, annulled, or in any manner satisfied." This certificate is to be supplemented by one from the clerk of the court of Common Pleas of the county, setting forth that the person before whom the proceedings purport to have been had, was at the time an acting justice of the peace, duly commissioned and qualified. This "copy of the record or docket-entry of the proceedings" is admitted under the authority of

this statute as proof of the fact that the plaintiff has recovered a judgment against the defendant in the state from which it is brought, and upon it the plaintiff is entitled to recover a judgment here, unless the defendant can show some reason for refusing it. This copy of a justice's judgment does not have the conclusive effect given to the judgment of a court of record, but it is evidence prima facie of what appears upon its face, viz., that the liability of the defendant has been passed upon by a court competent to do so, and a judgment rendered against him. It is not the note or account sued on in the state from which the transcript comes, but the judgment rendered upon it that is the plaintiff's cause of action, and that is evidenced in the manner prescribed by the act of assembly. The note or account has been merged in the judgment rendered upon it by the foreign justice, and makes no part of the plaintiff's case. The statute cannot be interposed, therefore, unless applicable to the justice's judgment. No statute of Illinois has been brought to our attention which puts the judgment of a justice of the peace on the same footing with ordinary simple contract debts as to the statute of limitations, and in the absence of proof upon the subject the law of Illinois will be presumed to be the same as our own. The statute of limitations does not take effect upon the judgment of a justice of the peace in Pennsylvania at the end of six years, and is not a defence in this case.

The judgment is therefore affirmed.