## First Credit Corporation v. Grzesiuk

*Herman L. Feldman*, for plaintiff.
*Francis X. Caiazza*, for defendants.

HENDERSON, P. J., May 28, 1968.—This is a determination of preliminary objections filed by defendants to plaintiff's amended complaint in assumpsit.

Defendants entered into this credit contract in Iowa at a time when wife-defendant was a minor. Counsel agree that under the laws of Iowa, her marriage made her competent to enter into contracts and to be bound by them in spite of her minority status.

The question arises now as to whether this court must or should enforce the Iowa law in this regard.

It is plaintiff's position that contracts are governed by the law of the State in which the contract is entered into, York Metal & Alloys Co. v. Cyclops Steel Co., 280 Pa. 585; and that a determination of the competency of parties to contract is also determined by the law of the place of the contract: Evans v. Cleary, 125 Pa. 204; Spearman v. Ward, 114 Pa. 634. Plaintiff's position then is that since this is a valid contract in the State of Iowa and would be enforced there, the

courts of Pennsylvania are bound to enforce such contract on the same basis and terms as would the State of Iowa.

Defendants agree that the legal principle plaintiff cites is generally correct. However, they do not agree with its application to the type case here involved. It is defendants' position in this case that the Pennsylvania rule on enforceability of minors' contracts grows out of the fundamental public policy of the Commonwealth and that in such cases the law of the place of the contract need not be followed.

"The general rule is that where liability is enforced in another state, the law of the place where the contract is made and is to be performed will govern the rights arising out of such contract, unless they are opposed to the public policy of the state where the action is instituted": McCurdy's Estate, 303 Pa. 453, 154 A. 2d 7 (1931).

In determining the status of a minor, we find that it is the law of the minor's domicile which is controlling: Bolton Estate, 4 D. & C. 2d 157 (1955); 24 P. L. Encyc. 381, §2. In considering the status of this minor defendant, we look to a determination of the fundamental public policy of the Commonwealth of Pennsylvania in such cases and find the following:

"This, generally speaking, has been accepted as the true doctrine. An infant is not competent to contract. This positive inhibition is the way of the law to protect infants against their own lack of discretion and against the snares of designing persons". . . : O'Leary Estate, 352 Pa. 254 (1945).

"The rule that minors may avoid their contracts springs from the policy of the law to protect minors against their own mistakes though disaffirmance may result in hardship to others": 24 P. L. Encyc. 438, §53.

We, therefore, hold that the Commonwealth of

Pennsylvania's rule on nonenforceability of minors' contracts grows out of the fundamental public policy of the Commonwealth and that, even though ordinarily the laws of Iowa would be controlling in this type situation, in this instance we should apply the Pennsylvania rule.

We, therefore, hold that in Pennsylvania wife-defendant did have the right to disaffirm this contract and there can be no enforcement here against her. However, even though wife-defendant is not bound by the contract, we find that this right which grows out of her legal disability due to infancy does not extend to her husband.

"Whatever right may inhere in wife plaintiff because of her minority at the time of the execution of the contract is separate and distinguishable from the rights of the other party to the contract; and the assertion of such right by the former is not ipso facto communicated to the latter even if he was the husband of the minor. The answer to plaintiffs' argument is that the exercise of such right by wife plaintiff does not affect the liability or contractual obligations of her husband as a party to the same contract": Wharen v. Funk, 152 Pa. Superior Ct. 133, 31 A. 2d 450 (1943); 2 Williston, Contracts, Rev. Ed., §329, page 957.

Defendants' preliminary objections also allege that the amended complaint is objectionable in so far as pleadings regarding conditions precedent are concerned. However, this position has not been pursued either in the preliminary objections or in the brief.

ORDER

And now, May 28, 1968, it is hereby ordered that Cynthia Grzesiuk is dismissed from this action as a party-defendant and that the action be continued only as to Frank A. Grzesiuk.