475 A.2d 829
**Anna GILHAM, Appellant,**

v.

**Henry GILHAM.**

Superior Court of Pennsylvania.

Argued Feb. 28, 1984.

Filed May 4, 1984.

Eugene J. Julian, Washington, for appellant.

John P. Liekar, Jr., Canonsburg, for appellee.

Before BROSKY, DEL SOLE and MONTGOMERY, JJ.

BROSKY, Judge:

Appellant, the former wife of appellee, seeks the enforcement in a Pennsylvania court of an "alimony" award granted to her in Ohio in 1978. The lower court declined to implement the enforcement procedures of the Revised Uniform Reciprocal Enforcement of Support Act (RURESA)[1] because Mr. and Mrs. Gilham were divorced by decree of the Court of Common Pleas of Allegheny County in 1979. We affirm.[2]

Prior to their divorce Mr. and Mrs. Gilham apparently lived in Ohio where Mrs. Gilham continues to reside. In

---

**1.** 42 Pa.C.S. §§ 6741 to 6780.

**2.** We construe the lower court's order of November 18, 1982 as dismissing the petition.

March of 1978 the Court of Common Pleas of Belmont County, Ohio issued an order directing Mr. Gilham to pay support[3] to his wife in the amount of $500.00/month and to pay the mortgage payments due on the residence occupied by Mrs. Gilham.

In 1980 and again in 1981 the Ohio court awarded Mrs. Gilham judgments in the amounts of $5,112.43 and $8,382.00, respectively, because it found appellee to have accumulated arrearages in those amounts.

In May, 1982 the petition which is the basis of this appeal was filed in the Court of Common Pleas of Washington County, Pennsylvania. In her petition Mrs. Gilham seeks enforcement of the $500.00/month Ohio support order and $8,382.00 arrearages judgment.[4]

The lower court denied the petition because it concluded that since the parties were divorced in Pennsylvania at a time when there was no obligation to pay post marital support, appellant could not enforce her support order by means of RURESA.

It is true that prior to the enactment of the Divorce Code of 1980[5] there was no obligation to support a former spouse. See *Stambaugh v. Stambaugh,* 458 Pa. 147, 329 A.2d 483 (1974). In *Appeal of Bona Lynn Werline,* 280 Pa.Super. 572, 575 n. 4, 421 A.2d 1080, 1081 n. 4 (1980), we explained that consistent with Pennsylvania's policy that an obligation to support a former spouse is created only by contract, our courts would not recognize, as enforceable under RURESA, a foreign court order awarding alimony.

3. The Ohio court termed the payments "alimony". Apparently Ohio's courts have used that term to refer to support payments ordered both during and after the termination of a marriage. See e.g. *Wolfe v. Wolfe,* 46 Ohio St.2d 399, 350 N.E.2d 413 (1976).

4. Attached to appellant's testimony and petition is a certificate signed by a judge of the Court of Common Pleas of Belmont County, Ohio in which the court says appellant needs $500.00/month support, $192.00/month house payment and payment on arrearages of $16,500.00. We do not understand the discrepancy in the figures requested in the testimony, petition and certificate.

5. 23 P.S. §§ 101, et seq., Act of April 2, 1980, P.L. 63, No. 26.

The *Werline* opinion explained that the proper remedy for a former spouse seeking to enforce a foreign alimony award in Pennsylvania was through an assumpsit action or an action for specific performance in equity.

Appellant argues that since this state's policy towards alimony has changed, so too, should its policy towards enforcing foreign alimony/support decrees.

The Divorce Code provides for alimony awards (23 P.S. §§ 501); the enforcement of alimony arrearages (23 P.S. § 503) and the enforcement of foreign alimony awards (23 P.S. § 506).

The Divorce Code defines alimony as, "An order for support granted by this or any other state to a spouse or former spouse in conjunction with a decree granting a divorce or annulment." (23 P.S. § 104).

The award granted by the Ohio court was not granted in conjunction with the divorce decree which was entered a year later in Pennsylvania. Instead, though denominated "alimony" the award seems to have been in the nature of a support order. (see footnote 3, *ante*).

It was granted prior to entry of a divorce decree on the basis of appellee's "gross neglect of duty." Not having been entered in connection with a divorce decree and arising, as the order did, from appellee's duty to support appellant, we believe that the order is not of the type governed by the Divorce Code.

Nor, we must conclude, can we enforce the support order through the provisions of RURESA.

The $500.00/monthly support order which appellant asks us to enforce was entered in Ohio prior to the parties' divorce. When the parties were divorced, this state no longer recognized a duty on Mr. Gilham's part to support his former wife. In 1979, then, it is clear that Mrs. Gilham could not have succeeded in having this court enforce the support order.

We cannot agree that enactment of the Divorce Code calls for a different result in this case. The Code itself

provides at 23 P.S. § 103 that its terms do not apply to cases in which a decree was entered prior to the effective date of the Act. While appellant does not seek enforcement of the "alimony" award according to the provisions of the Divorce Code, she does base her argument that she is entitled to enforcement of the award on the policy evidenced by the Code.

If we were to remand this case as requested by Mrs. Gilham we would be effecting the result which our Divorce Code specifically prohibited. We would be permitting a spouse divorced under the former law to receive support payments after the entry of the divorce. We cannot read the statute in such a way as to ignore its clear terms.

Order affirmed.