500 A.2d 485

**Catherine J. MILLER, Appellant,**

v.

**David A. JOLLY.**

Superior Court of Pennsylvania.

Submitted June 18, 1985.

Filed Nov. 15, 1985.

Thomas S. Kubinski, Erie, for appellant.

Suzanne L. Brunsting, Bedford, for appellee.

Before ROWLEY, OLSZEWSKI and DEL SOLE, JJ.

DEL SOLE, Judge:

The sole issue in this appeal is whether the trial court erred in dismissing Appellant's complaint for support, and withdrawing certification of the complaint to the state of Arizona by applying the statute of limitations contained in 42 Pa.C.S.A. § 6704(b).

The facts of this case are as follows: On March 29, 1984, Appellant filed a Complaint in the Court of Common Pleas, Erie County, for support of her minor child. The Complaint alleged that Appellee was the father of Appellant's child who was born on May 9, 1974. The Complaint also asserted that Appellee resided in Tucson, Arizona. In accordance with the rules outlined in the Revised Uniform Reciprocal Enforcement of Support Act, 42 Pa.C.S.A. 6741 et seq. (RURESA), the Complaint was certified by the Erie County court and three copies of it were sent to the Court of Prima County, Tucson County Seat, Arizona. Thereafter, the Complaint was served on Appellee. Appellee filed an Answer and New Matter in the Erie County Court admitting that he resided in Tucson Arizona, and claiming that the Complaint should be dismissed based on the six year statute of limitations found in 42 Pa.C.S.A. § 6704(b). After a hearing, the court dismissed the Complaint and withdrew its certification of the Complaint to the state of Arizona. Appellant has appealed from this order claiming that the court erred in applying the Pennsylvania statute of limitations regarding the commencement of support actions to this

case. We agree, and accordingly reverse the order of the trial court.

Both Pennsylvania and Arizona have adopted the 1968 version of the Revised Uniform Reciprocal Enforcement of Support Act. This legislation was designed to improve and extend the enforcement of duties of support. *Oman v. Oman*, 333 Pa.Super. 356, 482 A.2d 606 (1984). The question of which body of law to apply in a given factual situation is answered in Section 6747 of the Act which provides:

Choice of Law

Duties of support applicable under this subchapter are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.

The term "obligor" is defined as "any person owing a duty of support or against whom a proceedings for the enforcement of a duty of support or registration of support order is commenced." 42 Pa.C.S.A. § 6742. Herein, Appellee fits the definition of an "obligor" since a proceeding for the enforcement of support had been commenced against him. The state in which Appellee, "obligor", was present was Arizona. In view of the above, any duties of support applicable in this case are those imposed under the laws of the state of Arizona. For this reason it was error to apply the Pennsylvania statute of limitations as a bar to this action. Further, Appellee can not avoid the provisions of this statute and choose his own forum by filing his Answer in a Pennsylvania Court.

The trial court failed to apply the "Choice of Law" provision of RURESA, and instead dismissed the Complaint based on 42 Pa.C.S.A. § 6704(b) which states:

Limitations of actions—All actions or proceedings to establish the paternity of a child born out of wedlock *brought under this section* must be commenced within six years of the birth of the child, except where the

reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action or proceedings may be commenced at any time within two years of any such contribution or acknowledgment by the reputed father. (Emphasis added).

The above speaks in relation to actions "brought under this section". Section 6704 is entitled "Commencement of Support action or proceedings" and refers to those actions commenced under subchapter A of Chapter 67. "Support Proceedings" is the title of Chapter 67, and subchapter A contains "General Provisions". The provisions of RURESA are outlined in Subchapter B of Chapter 67.

It is clear that this action was not commenced under subchapter A, but rather under subchapter B, RURESA. Contained in the record is the Complaint which states:

WHEREFORE, the Petitioner prays for the following relief, based upon the general powers of the Court and specifically upon the provisions and remedy in such cases provided for by Act No. 50 of the Commonwealth of Pennsylvania, approved the 10th day of May, A.D. 1951, 279 P.L. and known as the "Uniform Reciprocal Enforcement of Support Act," as last amended in 1972.

Further, the Erie County Court certified in the record that the Complaint was "duly filed in the Reciprocal Support Office, Domestic Relations Division in a proceeding against the above-named Respondent commenced under the provisions of the 'Uniform Reciprocal Enforcement of Support Act' as last amended in 1972". Since this action was commenced under Subchapter B, RURESA, the trial court erred in not applying the provisions of that subchapter.

In conclusion, we find that Section 6747 of RURESA mandates that any duties of support for which Appellee may be responsible are those imposed under the laws of Arizona, and any defenses available should be raised in an Arizona court applying Arizona law. Accordingly, we reverse the trial court order which dismissed Appellant's Complaint in support and withdrew certification of the

222

Complaint to the state of Arizona, and direct the court to certify the Complaint to the state of Arizona in accordance with this opinion and 42 Pa.C.S.A. § 6754.

Order reversed. Case remanded with directions.