508 A.2d 561

**Anne S. COHEN, Appellant,**

v.

**Gerald COHEN.**

Superior Court of Pennsylvania.

Submitted March 12, 1985.

Filed May 1, 1986.

454

Elaine Smith, Philadelphia, for appellant.

Bennett Block, Philadelphia, for appellee.

Before McEWEN, CERCONE and TROMMER, JJ.*

TROMMER, Judge:

This is an appeal from an order of the trial court denying appellant's petition for enforcement of a foreign divorce decree. We reverse.

On February 21, 1975, the Superior Court of New Jersey, Chancery Division, Burlington County, entered a decree divorcing appellant, Anne S. Cohen, and appellee, Gerald Cohen. The decree provided for permanent alimony payable to appellant in the amount of $30.00 per week. On February 2, 1976, appellee moved from New Jersey to Philadelphia. A year later, February 3, 1977, appellee's last payment of alimony was made. Prior to the last payment, appellee had frequently failed to make timely payments and arrearages accumulated to $11,925.00.

On September 23, 1983, pursuant to section 506 of the Divorce Code, 23 P.S. § 506, appellant filed a petition in the Montgomery County Court of Common Pleas for registration, adoption and enforcement of the foreign divorce decree. Appellant also sought payment of the accumulated arrearages (with interest), an attachment of appellee's

---

* Judge Evelyn M. Trommer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

wages for future payments, an order for appellee to post a $50,000 bond to insure future compliance, and attorney's fees. In his answer to the petition, appellee asserted that appellant's claims were barred by the statute of limitations provided in 42 Pa.C.S.A. sections 5527(1),(6), and that section 506 of the Divorce Code did not apply to alimony decrees entered before the Code became effective in July, 1980. Appellee also cross-petitioned to have the divorce decree modified to eliminate the provision for alimony and to have the arrearages extinguished.

After argument before the trial court *en banc*, on April 2, 1984, appellant's petition was denied. Appellant subsequently petitioned the trial court to reconsider its order and to permit additional testimony, which were denied. This appeal from the order of April 2, 1984, timely followed.

On appeal, appellant argues that the trial court erred (1) in refusing to enforce the provisions of the New Jersey divorce decree under section 506 of the Divorce Code and (2) in holding that appellant's claim was barred by the six-year statute of limitations of 42 Pa.C.S.A. § 5527. We shall address these issues *seriatim*.

## I.

Appellant initially claims that the trial court erred in refusing to enforce the New Jersey divorce decree under section 506 of the Divorce Code, 23 P.S. § 506.[1] The trial

1. Section 506 provides:
   § 506. Enforcement of foreign decrees
   Whenever a person subject to a valid decree of a sister state or territory for the payment of alimony, temporary alimony, or alimony pendente lite, or his or her property is found within this Commonwealth, the obligee of such a decree may petition the court, where the obligor or his or her property is found, to register, adopt as its own, and to enforce the said decree as a duly issued and authenticated decree of a sister state or territory. Upon registration and adoption, such relief and process for enforcement as is provided for at law, in equity, or by court rule, in similar cases originally commenced in this Commonwealth, shall be available, and a copy of the decree and order shall be forwarded to the court of the state or territory which issued the original decree. The obligor, in such actions to register, adopt, and enforce, shall have such defenses and

court held that the clear language of section 103 of the Divorce Code [2] barred the application of section 506 or any other provision of the Act to appellant's case, since the New Jersey decree in question had been entered in 1975, prior to the enactment of the Divorce Code. The trial court relied upon the Statutory Construction Act in reaching this conclusion, specifically 1 Pa.C.S.A. § 1903(a) ("Words and phrases shall be construed according to rules of grammer and according to their common and approved usage . . .") and 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit").

Appellant argues that in applying section 103 of the Divorce Code to bar her claim for enforcement of the New Jersey decree, the trial court improperly overlooked the legislative history of that section. She points specifically to statements made by the author of the bill which was

relief as are available to him in the state or territory which issued the original decree and may question the jurisdiction of that court if not otherwise barred. Interest may be awarded on unpaid installments and security may be required to insure future payments as in such cases originally commenced in this Commonwealth. Where property of the obligor, but not his person, is found within this Commonwealth, there shall be jurisdiction quasi in rem and, upon registration and adoption of the decree of the sister state or territory, such relief and enforcement of the decree shall be available as in other proceedings which are quasi in rem. 1980, April 2, P.L. 63, No. 26, § 506, effective in 90 days.

2. Section 103 provides:
§ 103. Construction
The provisions of this act, so far as they are the same as those of existing laws, are intended as a continuation of such laws and not as new enactments. The provisions of this act shall apply to all cases, whether the cause for divorce or annulment arose prior or subsequent to enactment of this act. The provisions of this act shall not affect any suit or action pending, but the same may be proceeded with and concluded either under the laws in existence when such suit or action was instituted, notwithstanding the repeal of such laws by this act, or, upon application granted, under the provisions of this act. *The provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act.* This act shall not affect any marital agreement executed prior to the effective date of this act or any amendment or modification thereto. (Emphasis added).
1980, April 2, P.L. 63, No. 26, § 103, effective in 90 days.

eventually enacted as the Divorce Code regarding an amendment to section 103 to add what now appears as the final sentence of the section:

> This amendment is primarily technical in that it removes some of the ambiguities in the bill that came to our attention after the bill was reported out of committee. However, it does make some changes that I would like to bring to your attention.
>
> In the first place, it provides that "This act," if it passes, "shall not affect any marital agreement executed prior to the effective date of this act or any amendment or modification thereto." This is consistent with another provision of the bill that says that once a decree in divorce has been entered prior to the effective date, it cannot be reopened, and the intent of this part of the amendment is to treat those matters that have been settled, either in court or out of court, as settled, and not allow parties to open them up.

1979 Pa. House Journal 1825–1826 (Daily Ed., Sept. 25, 1979). Appellant argues that this passage reveals a legislative intent to preclude relitigation where the parties substantive rights have already been determined, not to bar enforcement of pre-Code foreign decrees. Appellant also cites as persuasive several decisions by Courts of Common Pleas which have adopted her position in interpreting sections 103 and 506 of the Code, *see, e.g., Kramer v. Kramer,* 21 D. & C. 3d 94 (1981) (section 103 was intended to prevent the creation of new substantive rights in parties divorced under the old Divorce Code; allowing plaintiff access to procedures established in section 506 of the new Code in no way frustrates the legislative intent evidenced by section 103 and does not create new substantive rights); *Heyman v. Heyman,* 37 Bucks Co. L.Rep. 182 (1981) (the plain intent of the restriction in section 103 was to prevent the enlargement of a party's substantive rights in a case that had already become final), *aff'd per curiam,* 307 Pa.Super. 617, 452 A.2d 1095 (1982).

Appellant distinguishes the situation presented here from that in the recently decided case of *Gilham v. Gilham,* 327 Pa.Super. 342, 475 A.2d 829 (1984). In *Gilham,* this court affirmed a trial court's refusal to enforce a 1978 Ohio court order requiring a husband to pay alimony to his wife both during and after their divorce action. The parties discontinued their Ohio divorce action, but were subsequently divorced in Pennsylvania in 1979. The wife's petition to enforce the Ohio order under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) was denied by the trial court on the basis that at the time of the entry of the order in question, Pennsylvania's policy was that post-divorce support was enforceable only as a contractual obligation through an action in equity or assumpsit. The wife argued, however, that the passage of the Divorce Code was evidence of a change in policy, as section 506 of the Code specifically provided for enforcement of foreign alimony awards. This court rejected the argument that section 506 applied to the order in question, since it had not been entered "in conjunction with a decree granting a divorce or annulment" and thus was not alimony as defined in section 104 of the Code. It also rejected the argument that the order should be enforceable through RURESA because of Pennsylvania's changed policy regarding alimony, reasoning that such enforcement would be permitting a spouse divorced under the former law to receive support payments after the entry of the divorce, and would thus be in contravention of section 103 of the Code.

█ Appellant argues that *Gilham* should be read to hold only that section 103 bars the creation of new substantive rights, since in that case the parties had been divorced in Pennsylvania under the old law. In her case, she contends, that bar does not apply, since her substantive right to alimony derived from her New Jersey divorce decree and the alimony order was perfectly valid in that state.

We agree.

At first glance, section 103 appears to be a straightforward proscription against the application of the Divorce

Code to any case in which the final decree had been entered prior to the effective date of the Code. However, a careful reading of the section compels the conclusion that section 103 merely proscribes the enlargement of a party's substantive rights in a case that had already become final. This conclusion is supported by the aforecited legislative history. Although, as appellee argues, the Statutory Construction Act permits consideration of legislative history only "[w]hen the words of the statute are not explicit," 1 Pa.C. S.A. § 1921(c), we do not find section 103 to be sufficiently explicit to preclude such consideration. The trial court's reliance upon sections 1903(a) and 1921(b) of the Statutory Construction Act, 1 Pa.C.S.A. §§ 1903(a), 1921(b), is similarly misplaced. The interpretation of section 103 proffered by appellant, and accepted by this court, is consistent with those provisions of the Act.

*Gilham, supra,* does not compel a contrary conclusion. As appellant argues, *Gilham* is inapposite. In *Gilham,* the parties were divorced under the former Pennsylvania divorce law. If the appellant in *Gilham* had been permitted to enforce the foreign post-divorce support order, she would thereby have acquired a new substantive right in contravention of section 103. That is not the case here. Pursuant to the New Jersey divorce decree, the appellant herein already has a right to post-divorce support. Registration, adoption, and enforcement of the New Jersey decree will therefore not alter appellant's substantive rights, but rather will merely provide for the transfer and maintenance of such rights as appellant had previously acquired.

Accordingly, the order of the trial court denying appellant's petition for registration, adoption and enforcement of the New Jersey divorce decree is reversed.

## II.

Appellant argues that the trial court erred in holding that as appellant's claim was brought more than six years after appellee's last payment of alimony, it was barred by the six year statute of limitations of 42 Pa.C.S.A. § 5527. Appel-

lant contends that under section 506 of the Divorce Code, 23 P.S. § 506, New Jersey's twenty-year statute of limitations would be applicable to this action.[3]

The trial court held that appellant's action was governed by a six-year limitation period under either section 5527(1) (applying the six-year limitation to actions "upon a judgment of decree of any court of the United States or of any state") or section 5527(6) (six year limitation period applicable to "any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531"). The court further noted that although 42 Pa.C.S.A. § 5527 became effective after the date of appellee's last alimony payment, the Statutory Construction Act, 1 Pa.C.S.A. § 1975, provides that in such cases "the time which has already run shall be deemed part of the time prescribed as such limitation" in the new legislation, and cited *Crisante v. J.H. Beers, Inc.*, 297 Pa.Super. 337, 443 A.2d 1150 (1982), as authority for the proposition that such retroactive application of a statute of limitations creates no constitutional problem since such a statute is procedural rather than substantive. The trial court further noted that under the Uniform Statute of Limitations on Foreign Claims Act, 42 Pa.C.S. § 5521 et seq.,[4] Pennsylvania's six-year,

3. The pertinent provision of section 506 provides:
   The obligor, in such actions to register, adopt, and enforce, shall have such *defenses and relief* as are available to him in the state or territory which issued the original decree.... (Emphasis added).

4. 42 Pa.C.S.A. § 5521 provides:
   § 5521. Limitations on foreign claims
   (a) Short title of section. This section shall be known and may be cited as the "Uniform Statute of Limitations on Foreign Claims Act."
   (b) General rule. The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this commonwealth, whichever first bars the claim.
   (c) Definition. As used in this section "claim" means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute. 1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978.

rather than New Jersey's twenty-year, statute of limitations should be applied.

Appellant argues that the trial court erred in measuring the running of the statute of limitations from the date of the last alimony payment made by appellee. She argues that under the decree, alimony was an ongoing obligation her right to receipt of which accrued separately as to each installment as it became due, citing *Sistare v. Sistare*, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910). She contends that a claim for each weekly installment of alimony has thus continued to accrue throughout the period since appellee's last payment and that, at least as to payments which were due during the six years prior to the filing of her petition, the statute of limitations has not run, citing *Van Sciver v. Van Sciver*, 337 Pa. 390, 395, 12 A.2d 108 (1940) (suit for arrearages under separation and maintenance agreement relating to alimony and child support not time-barred, as agreement "is a continuing contract, [to which] the statute of limitations does not apply at least as to the sums due within six years"). She also asserts that in numerous other jurisdictions the statute of limitations is held to commence to run against each installment as it becomes due, citing Annot., 70 ALR 2d 1250.

Appellant argues further that the provisions of 42 Pa.C. S.A. § 5527 should not be applied retroactively to bar her action even as to payments that became due more than six years before her petition was filed. She bases this argument upon her contention that, at the time such payments were due, no statute of limitations was applicable to actions to enforce alimony orders or decrees. She argues that actions to collect alimony or support arrearages are personal actions, and that the statute of limitations applicable to personal actions at the time of appellee's last payment of alimony, 12 P.S. § 31, did not by its terms include actions for enforcement of alimony or support among the types of actions to which a six-year limitation period applied. Specifically, she argues that actions for enforcement of alimony were not "actions of trespass quare clausum fregit, ... of

detinue, trover and replevin, for taking away goods and cattle, ... upon account and upon the case (other than such accounts as concern the trade of merchandise between merchant and merchant, their factors or servants), all actions of debt grounded upon any lending or contract without specialty, ... of debt for arrearages of rent, except the proprietaries' quitrents, ... [or] of trespass, of assault, menace, battery, wounding and imprisonment, or any of them" and thus did not fall within the six-year limitation period prescribed by section 31. She also cites *Evans v. Cleary*, 125 Pa. 204, 17 A. 440 (1889), which she claims was being cited as late as 1978 as generally accepted authority for the proposition that the statute of limitations was no bar to enforcement of a foreign judgment rendered by a justice of the peace more than six years before the moving party sought enforcement in Pennsylvania. Although the date at which her action began to accrue occurred between the passage of the new statutes of limitation in 1976 and their effective date in 1978, she argues that the new statutes should not be made retroactive beyond their effective date absent a clear legislative intent to do so, citing 53 C.J.S. *Limitations of Actions* § 4 (1951) ("Under the fundamental rule for the construction of statutes, statutes of limitations ordinarily will not be given a retroactive effect unless it clearly appears that the legislature so intended.") She argues that *Crisante v. J.H. Beers, Inc., supra,* relied upon by the trial court in applying the limitation of 42 Pa.C.S.A. § 5527 retroactively, is distinguishable from this case because there the limitation period under the new statute *expired* prior to the statute's effective date and the plaintiff failed to bring her action either within the two-year limitation period prescribed by the new statute or within the additional one-year grace period following the statute's effective date which had been enacted to be applied in such cases. Here, the action *began* to accrue during the period between passage and the effective date of the applicable statute. Thus, appellant claims, the *Crisante* decision as to the retroactivity of the statute is not controlling.

■ Appellant is correct in her assertion that the trial court erred in holding that her claim was completely barred under the six-year statute of limitations provided by 42 Pa.C.S.A. §§ 5527(1), (6). As appellant argues, appellee's obligation to pay alimony was an ongoing obligation, appellant's right to receipt of which accrued separately as to each installment as it became due. *See Van Sciver, supra.* However, that does not mean that appellant had an indefinite period of time within which to file a claim for the unpaid installments. Under 42 Pa.C.S.A. §§ 5527(1), (6), as applied to this case pursuant to the Uniform Statute of Limitations on Foreign Claims Act, 42 Pa.C.S.A. § 5521, appellant had six years within which to file an action for each unpaid installment. Appellant's attempt to distinguish *Crisante* and thereby to avoid the retroactive application of section 5527 is unpersuasive.

■ We also find unpersuasive appellant's argument that pursuant to section 506 of the Divorce Code, New Jersey's twenty-year statute of limitations should have been applied to this case. Section 506 contains a *general* provision regarding the assertion of defenses by an obligor subject to a foreign decree (i.e., which defenses are available). However, the Uniform Statute of Limitations on Foreign Claims Act contains a *specific* provision regarding the assertion of a statute of limitations defense by one subject to a foreign claim (i.e., the period of limitation applicable). Under the Statutory Construction Act, 1 Pa.C. S.A. § 1933,[5] the specific provision in the Uniform Act governs the general provision in the Divorce Code. Al-

**5.** 1 Pa.C.S.A. § 1933 provides:
 1933. Particular controls general
   Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.
 1972, Dec. 6, P.L. 1339, No. 290, § 3, imd. effective.

though the Divorce Code was enacted after the Uniform Act, since the legislature did not indicate a "manifest intention" that the general provision in section 506 would prevail over the specific provision in the Uniform Act, the exception to the aforecited rule of statutory construction would not apply.

Therefore, although the trial court was correct insofar as it barred appellant's claim for the alimony installments due greater than six years before the filing of appellant's petition, it incorrectly barred appellant's claim for those installments due within six years of the filing of the petition. Accordingly, we reverse the trial court's order denying appellant's petition for registration, adoption, and enforcement of a foreign divorce decree and remand this matter to the trial court for further proceedings consistent with this opinion. Jurisdiction is relinquished.[6]

Reversed and remanded.

**6.** We note that in the recently circulated opinion in *Miller v. Jolly*, 347 Pa.Super. 218, 500 A.2d 485 (1985), a panel of this court considered the issue of whether the six-year statute of limitations provided in 42 Pa.C.S.A. § 6704(b), should be applied to bar a support action filed in Pennsylvania under the Revised Uniform Reciprocal Enforcement of Support Act, 42 Pa.C.S.A. §§ 6741–6780 (RURESA), against an obligor residing in Arizona. The panel held that the trial court erred in applying the Pennsylvania statute of limitations. The panel reasoned that the choice of law provision in section 6747 of the Act ("[d]uties of support applicable under this subchapter are those imposed under the laws of any state where the obligor was present for the period during which support is sought") mandated that any defenses available should be raised in an Arizona court applying Arizona law (i.e., the Arizona statute of limitations would be applicable.). However, we find that *Miller* does not dictate the application of the New Jersey statute of limitations in this case. The action in *Miller* was filed under RURESA, whereas the action in the instant case was filed under section 506 of the Divorce Code. Moreover, the claim in *Miller* accrued in, not outside of, Pennsylvania, as required by the Uniform Statute of Limitations on Foreign Claims Act. For these reasons, *Miller* is distinguishable from the instant case.

We further note that in *Wing v. Wing*, 338 Pa.Super. 516, 488 A.2d 11 (1985), a panel of this court applied section 506 of the Divorce Code to enforce an alimony provision of a property settlement agreement incorporated into the parties' 1978 Ohio divorce decree. In that case, however, it does not appear that the parties raised any issue as to the applicability of section 506 to divorce decrees entered

prior to the enactment of the Divorce Code, and section 103 of the Code is not discussed.

Lastly, we note that in *Young v. Young,* 507 Pa. 40, 488 A.2d 264 (1985), in an opinion reversing the Superior Court, the Supreme Court addressed the issue of whether funds in the support obligor's police pension were subject to attachment. In a footnote, 507 Pa. 45 n. 7, 488 A.2d 266 n. 7, the court noted that the appellant's petition to attach the pension funds had been filed pursuant to various provisions of the Divorce Code and that the lower courts had relied upon the Code in their dispositions of the case. Relying upon section 103 of the Code, the court concluded that the Code was inapplicable, since both the divorce decree and the property distribution order had been entered prior to the effective date of the Code. However, *Young* is distinguishable from the instant case inasmuch as the petition in *Young* was not filed pursuant to section 506 of the Divorce Code, but rather, was filed pursuant to section 403 of the Code. *See Young v. Young,* 320 Pa.Super. 269, 272, 467 A.2d 33, 34 (1983).