## Tihansky v. Tihansky

*David W. Costello,* for plaintiff.
*Herman J. Bigi,* for defendant.

GILMORE, *J.,* May 1, 1986 — This matter is before the court on an interstate petition pursuant to the Revised Uniform Reciprocal Enforcement of Support Act, 42 Pa.C.S. §6741, et seq., to enforce a foreign decree of child support and alimony. A factual background is necessary to appreciate the issues raised.

The parties were married February 20, 1971, in Bloomfield Hills, Mich. and thereafter lived together as husband and wife in various locations throughout the country while defendant pursued his occupation and higher education. Two children were born of the marriage; Suzanne, born April 18, 1974, and John, born May 14, 1980.

The parties moved to Miami, Fla. in 1976 and lived there continuously until 1981, during which time defendant earned an M.D. degree and the parties purchased a home. Defendant accepted a one-year position as a Fellow with Harvard Medical School and the parties moved to Massachusetts on June 22, 1981.

On June 2, 1982, plaintiff filed a complaint in divorce in Massachusetts alleging that on April 11, 1981, defendant committed cruel and abusive treatment. On June 29, 1982, defendant moved to Pennsylvania, where he resides at the time of these proceedings. Plaintiff returned to her home, in Michigan, on or about August 1, 1982.

Defendant filed a cross complaint for divorce on June 29, 1982. (Defendant, at the hearing, testified that his attorney of record did this without his knowledge or consent.) Based upon the findings of fact by the Massachusetts court and the testimony at this court's hearing, the parties engaged in settlement negotiations until December 1982. On December 15, 1982, defendant moved to dismiss his cross complaint and imposed objections against the original complaint on the basis that Massachusetts lacked subject matter jurisdiction, because the parties were not residents of Massachusetts on April 11, 1981, the date of the alleged cruel and abusive treatment.

Plaintiff filed a motion to amend on January 19, 1983, alleging that the insertion of 1981 was a clerical error and in fact the date of the cruel and abusive treatment was in 1982. The Massachusetts court consolidated that motion with a hearing on the merits of the divorce on March 6 and 7, 1983. The Massachusetts court on June 6, 1983, in a lengthy decree containing findings of fact and conclusions of law, which addressed the question of

subject matter jurisdiction, entered a judgment of divorce nisi which included equitable distribution, child custody, support and alimony provisions.

As to child support and alimony, the court ordered:

(3) Defendant shall pay to plaintiff the sum of $250 on the first Saturday after the date of this decree and $250 on each Saturday thereafter as alimony and child support until April 30, 1986. Thereafter defendant shall pay the sum of $200 per week as child support only. In the event the wife shall remarry prior to April 1986, then defendant shall pay the sum of $200 per week child support. At the emancipation of the first child defendant's payments shall be reduced to $125 per week and all obligation to support shall terminate at the emancipation of both children. Defendant's responsibility to pay support shall terminate upon the death of either plaintiff or defendant."

Defendant appealed the decree nisi to the appeals court for Massachusetts, which affirmed the decree of the probate court without opinion. Defendant, through the date of the proceedings in Washington County, has paid no money toward the Massachusetts order. Plaintiff, on October 4, 1985, obtained a judgment in Massachusetts for the then existing arrearages in the amount of $13,750.

Plaintiff initiated a petition pursuant to RURESA on January 25, 1985, seeking enforcement of the Massachusetts divorce decree as to child support and alimony. The Michigan court pursuant to the act forwarded the same to Pennsylvania. The matter was ultimately scheduled for hearing before this court. The Michigan order provided for the enforcement of the $250 per week support and alimony order and also established arrearages as of March 22, 1985, at $21,500.

At the time of the hearing before this court defendant was earning an annual gross salary of $28,500 as a radiologist. During the period from 1982 through 1985 he was earning a gross annual wage of $40,000, again employed as a radiologist with the University of Pittsburgh. At the time of the entry of the child support and alimony order above referred to, defendant was earning $37,000 gross annual wage. Defendant's expenses are unremarkable. Plaintiff is employed as a college instructor and has a gross annual wage of $18,500. She is presently residing with her parents, but does have extraordinary bills related to care and custody of the children during times of her employment. In this connection, it must be observed that defendant has the opportunity for a substantially higher wage than plaintiff. The court also notes that defendant appears to be earning substantially below what would be the income of a practicing radiologist in this general area. The court, however, could find no evidence and none was offered to indicate that defendant is holding this lower paying job in order to avoid a duty of support. In any event, any order is modifiable because of a future change in circumstances.

Defendant seeks to collaterally attack the Massachusetts divorce decree, and, therefore, all of the arrearages and future support payments, on the basis of a lack of subject matter jurisdiction. The thrust of defendant's argument is that the parties were only residents of Massachusetts for a temporary period of time and the only basis for jurisdiction in Massachusetts was if the acts of cruel and abusive treatment occurred there. Defendant argues that the motion to amend and alter the date technically makes out a new cause of action and that plaintiff, not being a resident or domiciliary of Massachusetts in January 1983, could not amend the complaint.

The initial inquiry must be to whether the Massachusetts divorce is entitled to full faith and credit in Pennsylvania. Based upon a complete examination of all the records submitted as to the Massachusetts' hearings and order and an analysis of the briefs submitted it seems clear to this court that defendant had a full and complete opportunity to litigate all the issues he now seeks to raise in this court. This court finds that based upon *Sherrer v. Sherrer*, 334 U.S. 343 (1948) and *Coe v. Coe*, 434 U.S. 78 (1948), that the Massachusetts divorce decree is entitled to full faith and credit and cannot be collaterally attacked. Despite the numerous citations and arguments as to the alleged improprieties and/or alleged fraud, defendant litigated all of these issues in Massachusetts and is not entitled to two bites at the apple.

The same result, however, is not appropriate to the alimony and child suport provisions of the Massachusetts' order. Under Massachusetts law, Mass. General Law Annotated, Chapter 208, §37, alimony and child support are retroactively modifiable in Massachusetts and are, therefore, not entitled to full faith and credit in Pennsylvania. *Posner v. Sheridan*, 451 Pa. 51, 299 A.2d 309 (1975); *Silverstein v. Silverstein*, 246 Pa. Super. 503, 371 A.2d 948 (1977).

The issue then becomes the enforceability of the alimony and child support order, particularly the arrearages, pursuant to RURESA. Preliminarily, this court finds that plaintiff, having reduced a portion of the arrearages to judgment in Massachusetts on October 4, 1984, has effectively elected a remedy as to those amounts. In addition, the judgment may be entitled to full faith and credit. See *Silverstein*, supra. Plaintiff should proceed to enforce a foreign money judgment pursuant to 42 Pa.C.S. §4306.

The court next must determine the alimony provision of the child support order. By its terms, $200 of the $1,000 monthly support order, is attributable to alimony. Prior to the enactment of the new Divorce Code, Title 23, Pa.C.S. §101 et seq. alimony was not enforceable in Pennsylvania *Stambaugh v. Stambaugh*, 458 Pa. 147, 329 A.2d 483 (1974). *Gilham v. Gilham*, 327 Pa. Super. 342, 475 A.2d 829 (1984).

Section 104 of the Divorce Code provides:

"Alimony. An order for support granted by this or any other state to a spouse or former spouse in conjunction with a decree granting a divorce or annulment."

Section 506 states:

"Whenever a person subject to a valid decree of a sister state or territory for the payment of alimony, temporary alimony, or alimony pendente lite, or his or her property is found within this commonwealth, the obligee of such decree may petition the court, where the obligator or his or her property is found, to register, adopt as its own, and to enforce the said decree as a duly issued and authenticated decree of a sister state or territory. Upon registration and adoption, such relief and process for enforcement as is provided for at law, in equity, or by court rule, in similar cases originally commenced in this commonwealth, shall be available, and a copy of the decree and order shall be forwarded to the court of the state or territory which issued the original decree. The obligator, in such actions to register, adopt, and enforce, shall have such defenses and relief as are available to him in the state or territory which issued the original decree and may question the jurisdiction of that court if not otherwise barred. Interest may be awarded on unpaid installments and security may be required to insure future payments as in

such cases originally commenced in this commonwealth."

RURESA, §6742 provides:

"Duty of Support. A duty of support whether imposed or imposable by law or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce, separation, separate maintenance, or otherwise and includes the duty to pay arrearages of support past due and unpaid."

The question raised is whether the Divorce Code is the exclusive method to enforce a foreign alimony decree. Nothing in the code requires this and RURESA is broad enough to comprehend enforcement of alimony, particularly when coupled with child support as in the instant case.

This court must then look to the factual circumstances and financial conditions of the parties, because while the Massachusetts and Michigan orders in forwarding the same must be considered by this court, it is the duty of the responding state to actually set and enforce the support order. This court finds that the alimony provision of the support order is fair and reasonable under all the circumstances. The entire order, however, when taken in total appears to be somewhat higher than normally expected considering the defendant's current wage. The court, therefore, enters the following

## ORDER

And now, this May 1, 1986, the court sets support for wife and two children for the period from October 1984 through June 1985, at $800 per month, attributable $200 to alimony and $600 to child support. For the period of July 1985 to the date of this order and hereafter until otherwise modified, the court sets support at $700 per month, attributable

$200 to alimony and $500 to child support. The domestic relations office shall recalculate the arrearages based on this order and give defendant credit for any sums paid and shall submit an arrearage figure to the court for the entry of a further order. In addition to the foregoing order, defendant shall pay $100 per month toward the arrearages when the same are established.