## Chinappi v. Chinappi

*Bethania S. Wright,* for plaintiff.
*Julia McLaughlin,* for defendant.

ENDY, *J.,* July 31, 1989 — This matter is before the court on a petition for specific enforcement of a property-settlement agreement entered into between the parties. Petitioner and respondent were married on February 22, 1964 in Mt. Ephraim, New Jersey. Two children were born of this marriage; Ronald, on August 12, 1966, and Patricia, on March 17, 1969.

The parties entered into a property-settlement agreement in contemplation of divorce on August 28, 1980. Wife filed a complaint in divorce on October 20, 1980. The property-settlement agreement was incorporated into the final divorce decree of October 1, 1981.

Petitioner requests this court to specifically enforce paragraph 23, the alimony provision of the property-settlement agreement. Respondent was previously brought before Judge Smith in March 1983 and directed to pay such alimony. Respondent has failed to comply with the property-settlement agreement and Judge Smith's order.

Paragraph 23 of the property-settlement agreement sets forth a schedule of alimony payments which husband is obligated to meet. Husband made payments throughout the period on account of the total obligation, in amounts not always equal to the installments due, so that the accrued balance at the time of the last payment was $13,150.

Respondent claims that 42 Pa.C.S. §5527[*] bars any action for arrearages which accrued more than six years prior to the filing of Mrs. Chinappi's petition. He maintains that wife's petition is valid only as to arrearages which accrued after April 19, 1983. In support of this argument, respondent cites *Cohen v. Cohen,* 352 Pa. Super. 453, 508 A.2d 561 (1986) which barred claims for alimony installments due greater than six years before the filing of the petition.

The facts in this matter can be distinguished from those in *Cohen.* In *Cohen* the last alimony payment was made more than six years prior to the filing of the petition to enforce. In this matter, however, payments were made throughout the period, with the last such payment being made within the six-year period.

Respondent urges us to find that such payments were for installments due at the time of payment and not for earlier unpaid installments.

It is my view that each of respondent's payments were on account of the accrued balance and each payment tolled the statute of limitations by renewing the obligation. An obligor of a series of installment payments will not be permitted to selectively label a payment as being in satisfaction of an installment then due while disregarding earlier installments and then attempt to claim that such earlier part of the debt is time-barred.

Petitioner also requests the court to enforce paragraph 37 of the property-settlement agreement.

_____

[*]Section 5527 states:

"Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years."

This provision states, "Husband shall be responsible for the reasonable college educational expenses of his children and shall have a reasonable say in the selection of the college each may attend."

Patricia Chinappi, the parties' daughter, is a sophomore at the Pennsylvania State University (Penn State). The cost of her education is $7,000 per year, including tuition, books, room and board. Respondent paid for Patricia's first semester, but has failed to pay the expenses of semesters two through four.

Respondent claims that he objected to his daughter's attending Penn State. He preferred that she attend a North Carolina school which was in commuting distance from his home in order to reduce the high costs of attending college. Respondent asserts that since he objected to his daughter's choice of school, he is not obligated to finance her education.

The property-settlement agreement gives the father a reasonable say in his daughter's choice of colleges. He is not given final say. According to the terms of the agreement, respondent is obligated to pay his daughter's college expenses so long as they are reasonable. The Pennsylvania State University is a reasonable choice. Patricia Chinappi is a Pennsylvania resident. Penn State, being a state school, charges reasonable tuition to its residents, and is substantially less than other possible choices. Respondent paid for the first semester of Patricia's freshman year. He is obligated to pay $3,500 for the second semester of her first year and $7,000 for her entire second year, to date.

Petitioner requests this court to award attorney's fees incurred by her in her attempts to enforce her rights under the property-settlement agreement.

Respondent claims that his non-compliance with the terms of the agreement is not willful. He claims that he does not have the funds necessary to comply with the terms of the agreement nor to pay wife's attorney fees. Husband provided his individual tax returns to support this contention.

Respondent's individual tax returns do not reflect his true income. The record of income provided by respondent is inconsistent with alimony payments made by him. In some years his alimony payments even exceeded the amount of income provided on his tax returns. It is obvious that respondent possesses funds that have not been accounted for to this court. Mr. Chinappi has provided no records or tax returns reflecting his corporate income.

Despite the reasonable inference that Mr. Chinappi's income may be sufficient to discharge his obligation, I find that the record does not support a finding of present ability to pay and therefore decline to make an order requiring him to pay subject to the sanctions of contempt. Judgment will be entered for the amount which the court finds due pursuant to the Divorce Code, section 401(k)(1) and section 401(k)(7).

## ORDER

And now, July 31, 1989, it is hereby ordered:

(1) Judgment in the amount of $24,128 is entered against respondent Richard Anthony Chinappi and in favor of Aline P. Grenhart Chinappi, a/k/a Aline Skinner as follows:

(a) Alimony arrearage $13,150

(b) College expenses 10,500

(c) Counsel fees 478