371 A.2d 948

Roslyn SILVERSTEIN, Individually, and Roslyn Silverstein, mother and guardian of the person of Gary Silverstein and David Silverstein, minors, Appellant

v.

Herbert SILVERSTEIN, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 7, 1976.

Decided March 31, 1977.

Jack A. Rounick, Norristown, for appellant.

Edward Rubin, Lansdale, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

█ Appellant contends that the lower court erred in vacating a child support order and in remitting arrearages that had accrued under the order. The lower court concluded that the Full Faith and Credit Clause, Article IV, § 1, of the United States Constitution, mandated its action because a Florida court had awarded child support as part of a divorce proceeding in which appellant participated. We hold that full faith and credit did not require the lower court to vacate its order and to remit arrearages, and we remand for reconsideration consistent with our opinion.

On January 21, 1974, appellant filed an action for support in the Court of Common Pleas of Montgomery County against appellee. At that time, the parties were married and lived in Pennsylvania. On February 7, 1974, the court entered a stipulated support order which provided that appellee would pay appellant $350 per week for the support of appellant and the couple's two minor children. The order also provided that it would be modified automatically on January 10, 1975, to require appellee to pay $400 per week for the support of his two children.

Subsequently, appellee moved to Florida. After he established residency, he instituted divorce proceedings in the Circuit Court of the 12th Judicial District of Florida in Sarasota County. In his petition, appellee requested that the Florida court incorporate the support order of the Pennsylvania court within its final decree. Appellant filed an answer and a counter-petition which requested the Florida court to grant her custody of the children and to "adjudicate all questions between the parties relating to the ownership of real and personal

property and their respective debts and obligations to each other and third persons." At a hearing, appellant testified that the expense of caring for the two children had increased since the entry of the Pennsylvania support order.

On December 19, 1974, the Florida court entered an order dissolving the marriage. The court awarded appellant custody of the two children and directed appellee to pay appellant $200 per week as child support and $175 per week as alimony.[1] The court expressly retained jurisdiction of the action and the parties involved for the purpose of enforcing or modifying its judgment, except insofar as it dissolved the marriage. On October 17, 1975, the District Court of Appeal of Florida, Second District, affirmed the judgment of the lower Florida court in all respects.

On January 14, 1976, appellee filed a petition to vacate the Pennsylvania support order in the Court of Common Pleas of Montgomery County. Appellee also requested that the court remit all arrearages accruing under that order after December 19, 1974. The lower court found that appellee had fully complied with the requirements of the Florida support order. On June 9, 1976, the lower court vacated the January 10, 1975 support order and remitted all arrearages accruing after January 10, 1975.

---

1. The Florida court's order provided, in part, that:
"The Husband shall pay to the Wife as child support the sum of $100.00 per week, per child. Said child support shall continue until the child receiving the support attains [his] majority, becomes self-supporting, marries or dies and at the occurrence of the first of these events, said child support shall cease, unless a Court of competent jurisdiction shall, at such time, find a continuing duty of support.
"The Husband shall pay to the Wife as alimony the sum of $175 per week. Said alimony shall terminate upon further order of the Court, if any, or, in the event of the Wife's death or remarriage."

The lower court expressly premised its order upon the Full Faith and Credit Clause.[2]  This appeal followed.

■ Appellant contends that full faith and credit does not require vacating the January 10, 1975 support order and remitting all arrearages which accrued after that date.  Article IV, § 1, of the United States Constitution provides, in pertinent part:  Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State."  In *Posner v. Sheridan,* 451 Pa. 51, 57, 299 A.2d 309, 312 (1975), our Supreme Court described the operation of the Full Faith and Credit Clause in child support cases:  "A foreign decree for the support of children, to be entitled to recognition and enforcement in another state, must be a final judgment for a fixed sum, and if under the law of the foreign state such order is subject to modification at the discretion of the court, the order is not a final judgment which may be enforced in Pennsylvania."  See also *Commonwealth ex rel. McVay v. McVay,* 383 Pa. 70, 118 A.2d 144 (1955), cert. denied 350 U.S. 995, 76 S.Ct. 544, 100 L.Ed. 860; *Commonwealth ex rel. Bucciarelli v. Bucciarelli,* 162 Pa.Super. 582, 60 A.2d 554 (1948); 15 Pennsylvania Standard Practice, Ch. 72, § 557 (1965).  However, the Full Faith and Credit Clause does protect the right to child support payments that have already accrued under the order and are not retroactively modifiable under the law of the foreign state.  See *Sistare v. Sistare,* 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); *Posner v. Sheridan,* supra; *Buswell v. Buswell,* 377 Pa. 487, 105 A.2d 608 (1954); *Stewart v. Stewart,* 127 Pa.

2.  The lower court's order provided that:
   "AND NOW, this 9th day of June, 1976, upon consideration of the briefs filed in this matter, full faith and credit is given to the final judgment of the Dissolution of Marriage entered by Robert E. Hensley, Circuit Judge of the Twelfth Judicial Circuit of Sarasota County, Florida, Case No. 74–1857 CA–01, dated December 19, 1974; the Support Order entered January 10, 1975 is hereby vacated;  all arrearages are hereby remitted from January 10, 1975."

Super. 567, 193 A. 860 (1937); 15 Pennsylvania Standard Practice, *supra.* In short, ". . . The State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered." *New York ex rel. Halvey v. Halvey,* 330 U.S. 610, 615, 67 S.Ct. 903, 906, 91 L.Ed. 1133 (1947); *Roche v. McDonald,* 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365 (1928); *Stewart v. Stewart, supra.*

■ Florida law allows a court to modify future obligations under a child support order upon a showing of a change in the circumstances or financial ability of either party. See F.S.A. § 61.14 (Supp.1976–77); *Martin v. Martin,* 256 So.2d 553 (Fla.App.1972). Moreover, the Florida court in the instant case expressly retained jurisdiction to make future modifications of its order. However, the Florida court is without power to modify a party's right to support payments that have already accrued and have not been modified prior to maturity. See *Van Loon v. Van Loon,* 132 Fla. 535, 182 So. 205 (1938); *Teta v. Teta,* 297 So.2d 642 (Fla.App.1974). Accordingly, the Full Faith and Credit Clause permits the Pennsylvania courts to modify prospectively the support order of the Florida court upon a showing of a change in circumstances, but not to defeat a party' s right to payments already due under that order.

Our Supreme Court wrestled with a problem substantially similar to the one now confronting us in *Commonwealth ex rel. McVay v. McVay, supra.* In *McVay,* a wife brought a support action against her husband in the Allegheny County Court. Both parties were Pennsylvania residents. The court entered an initial order of $100 per month support, but later reduced the amount to $80 per month. The husband moved to Florida and instituted divorce action; his wife filed a counterclaim for alimony. The Florida court refused to grant the divorce, but did award alimony in the same amount as the Allegheny County Court had awarded as support. Five

years later, the wife petitioned the Allegheny County Court to order her husband to pay arrearages that had accrued under the Pennsylvania order. The husband countered that the alimony order entered by the Florida court was entitled to full faith and credit and, therefore, superseded the support order of the Pennsylvania court. The Supreme Court rejected this contention. Because the award of the Florida court was subject to modification, ". . . the wife was not required to seek relief under that order but could proceed under the support order in force in this jurisdiction." 383 Pa. at 76, 118 A. 2d at 148.

Our Court has also confronted facts and issues similar to those involved in the instant litigation in two cases: *Commonwealth ex rel. Schofield v. Schofield,* 173 Pa.Super. 631, 98 A.2d 437 (1953), and *Commonwealth ex rel. Bucciarelli v. Bucciarelli,* supra. In *Schofield,* a wife and husband and their four minor children resided in Pennsylvania. After a separation, the wife sued the husband in the Municipal Court of Philadelphia County for support of the two children in her custody. The husband moved to Florida and instituted a divorce action. The wife appeared and attacked the jurisdiction of the Florida court, but the court ruled against her. The Florida court entered a divorce decree, granted custody of two children to the father and two children to the mother, and awarded $15 per week child support to the mother. The mother then took all four children back to Pennsylvania, and the father instituted a habeas corpus action in Pennsylvania. The lower court dismissed the petition and ordered the father to pay $40 per week child support for all four children. We affirmed and held that the Full Faith and Credit Clause was not offended because the Florida custody and support order could be modified upon a showing of a change in circumstances.

In *Commonwealth ex rel. Bucciarelli v. Bucciarelli,* supra, a wife obtained an *ex parte* divorce from an Okla-

homa court. The Oklahoma court's divorce decree directed the husband to pay $50 per month child support. The father failed to make the required payments. After moving to her parents' home in Philadelphia with her child, the mother instituted an action against the father for neglecting to support the child. The Municipal Court of Philadelphia ordered the father to pay $8 per week support. On appeal, the father argued that the Full Faith and Credit Clause stripped the lower court of power to enter an order. We affirmed and noted that the child support provision of the divorce decree was not entitled to full faith and credit because the Oklahoma court had discretionary power to raise, reduce or discharge its support order. In conclusion, we stated that: "The court below had jurisdiction of the proceeding, and its power to enter the order is not affected by the Oklahoma decree." 162 Pa.Super. at 587, 60 A.2d at 557. See also *Commonwealth ex rel. Bonicker v. Bonicker*, 205 Pa.Super. 191, 208 A.2d 14 (1965).[3]

3. The lower court believed that the interpretation of full faith and credit in *Stambaugh v. Stambaugh*, 458 Pa. 147, 329 A.2d 483 (1974), required it to vacate its previous support order. In *Stambaugh*, the Supreme Court held that a valid *ex parte* Florida divorce decree was not entitled to full faith and credit on the issue of alimony because the Florida court did not have *in personam* jurisdiction over the wife. However, the Florida divorce decree did sever the marriage and, as a matter of Pennsylvania law, an ex-husband is not required to support an ex-wife. Accordingly, the Supreme Court reversed the lower court's award of permanent alimony. See also *Watson v. Watson*, 243 Pa.Super. 23, 364 A.2d 431 (1976); *Commonwealth v. Lorusso*, 189 Pa.Super. 403, 150 A.2d 370 (1949).

In the case at bar, the lower court apparently believed that the valid Florida divorce decree terminated any obligation of the husband under the outstanding Pennsylvania support order. However, while the duty to support one's spouse ends with a valid divorce, the duty to support one's offspring survives a divorce decree. See *Commonwealth ex rel. Yeats v. Yeats*, 168 Pa.Super. 550, 79 A.2d 793 (1951); *Commonwealth ex rel. Bucciarelli v. Bucciarelli*, supra. The lower court also apparently believed that the logic of *Stambaugh* would require full faith and credit to be accorded the Florida support decree because the Florida court had *in personam* jurisdiction over appellant. However, future obligations under the Florida decree are modifiable and the decree is therefore not entitled to full faith and credit. See *Common-*

██ ██ *McVay, Schofield,* and *Bucciarelli* establish that full faith and credit did not require the lower court to vacate its January 10, 1975 order and to remit all arrearages accruing after that date.[4] We believe, however, that considerations of comity among the states and fairness to the parties require us to hold that the lower court, in computing appellee's arrearages, must credit amounts paid by appellee pursuant to the Florida child support order against amounts accruing for the same period under the lower court's support order. See Act of December 6, 1972, P.L. 1365, No. 291, § 31; 62 P.S. § 2043-33. See also *Buswell v. Buswell,* supra. Therefore, we direct the lower court to reinstate the January 10, 1975 support order and to add a provision crediting amounts paid by appellee pursuant to the Florida child support order against arrearages accruing for the same period under the lower court's support order.[5]

Order reversed and case remanded for proceedings consistent with this opinion.

PRICE, J., dissents.

wealth *ex rel. McVay v. McVay,* supra; *Commonwealth ex rel. Schofield v. Schofield,* supra. *Stambaugh,* consequently, does not control the instant case.

4. For a similar position by a Florida court, see *Lazar v. Lazar,* 317 So.2d 854 (Fla.App.1975).

5. We note that the only issue before us is whether the lower court erred in vacating the January 10, 1975 support order and in remitting arrearages. Neither party requested a modification of the Pennsylvania support order because of a change in circumstances, and, therefore, we do not determine if a change in circumstances necessitated an increase or decrease in the amount of the Pennsylvania support order.