600 A.2d 982

**Resi S. HOROWITZ, Appellant,**

v.

**Harvey A. HOROWITZ.**

Superior Court of Pennsylvania.

Argued July 31, 1991.

Filed Dec. 18, 1991.

22

Joni J. Berner, Philadelphia, for appellant.

Richard D. Malmed, Philadelphia, for appellee.

Before MONTEMURO, TAMILIA and BROSKY, JJ.

TAMILIA, Judge:

This is an appeal from a judgment entered September 27, 1990 in favor of appellant, Resi S. Horowitz, in the amount of $5,858.80 and against appellee, Harvey A. Horowitz, pursuant to a postnuptial separation agreement between the parties.

24

The parties were married on January 23, 1965 and had three children: David, born December 28, 1965; Lara, born November 26, 1967; and Jennifer, born August 28, 1969. The parties separated in 1976 and eventually executed a separation agreement on September 28, 1977, backdated to January 1, 1977, in an attempt to settle all matters and claims arising from their separation. The parties were divorced by decree dated March 29, 1978.

The separation agreement provided, *inter alia,* for husband to pay support to wife for herself and the parties' three children in the amount of $500 per week, with the parties executing an Order with the Domestic Relations Office of the Court of Common Pleas of Montgomery County incorporating the $500 weekly amount. The agreement called for the support payments to be reduced by $100 per week as each child attained the age of 18. In the event of wife's remarriage or the youngest child attaining the age of 18, whichever occurred first, the remaining $200 weekly payment attributable to wife would be eliminated. In addition to the weekly support payments, the agreement required husband to pay wife a lump sum of $3,700 "for certain immediate needs in connection with the support and maintenance of wife and her three children" (Agreement, para. 6(e)). The parties also agreed husband was to pay for the children's private school tuition, as well as tuition and other educational expenses for college education through graduate school, with the sole provision husband be consulted as to the choice of educational institutions. Husband also agreed to bear the reasonable expenses of summer camp tuition. A final provision of the agreement pertinent to this case allowed for modification of the weekly support payment based on increases in husband's salary and professional fees.

On April 15, 1988, wife filed an action in equity against husband seeking relief and alleging husband's failure to comply with the support provisions of the separation agreement. At sometime prior thereto, husband filed an action in support to terminate the support Order entered. The par-

ties subsequently stipulated to consolidate the support and equity actions, with hearing being held solely on the support issues raised in the separation agreement. Hearing was held in January and February, 1990 before the Honorable Albert R. Subers, following which the judgment of September 27, 1990 was entered.

On appeal, wife first argues the hearing court erred in finding the statute of limitations barred all claims for support prior to April 15, 1984 under the terms of the separation agreement. The hearing court determined the separation agreement constituted a written contract and, as such, a four year statute of limitations applied. 42 Pa.C.S. § 5525(8). Wife argues her complaint sought specific performance of the support provisions of the separation agreement. The hearing court, however, concluded the only relief sought by wife was the payment of money due under the language of the agreement. We agree.

While courts in Pennsylvania also act as chancellors in equity, and while courts of equity have "concurrent jurisdiction to specifically enforce support agreements in order to obviate the difficulties present in enforcing such contracts at law," *Silvestri v. Slatowski*, 423 Pa. 498, 502, 224 A.2d 212, 215 (1966); *Balter v. Balter*, 284 Pa.Super. 350, 356, 425 A.2d 1138, 1141 (1981), the equitable remedy of specific enforcement has been applied typically in cases where *future* support payments are sought. Where only past payments are owing, we find no difficulty in applying contract law to enforcement of support obligations in a postnuptial agreement.

Wife relies on the recent decision of this Court in *Lipschutz v. Lipschutz*, 391 Pa.Super. 537, 571 A.2d 1046 (1990), to buttress her claim this case involves equity jurisdiction. This reliance is misplaced. In *Lipschutz*, wife filed an action in equity seeking specific performance of a property settlement agreement. "The complaint sought *money damages for past due support, college tuition and specific performance of that portion of the agreement*

*relating to the payment of future college tuition* and related expenses." *Id.,* 391 Pa.Super. at 540, 571 A.2d at 1048 (emphasis added). The Court in *Lipschutz* stated:

A property settlement agreement containing support provisions is enforceable by utilizing the same rules of law used in determining the validity of contracts if: it is a detailed agreement covering all aspects of the economic relationship of the parties; it is not one-sided; both spouses are adequately counseled; the amount of support is not inadequate; and the agreement does not merge into a divorce decree or a court order.

*Id.,* 391 Pa.Superior Ct. at 542, 571 A.2d at 1049 (citations omitted). Clearly, then, *Lipschutz* illustrates the differences between application of equitable or legal principles to a separation agreement containing support provisions, while also setting forth the requirements which must be met in order to utilize rules of contract law. From our sedulous review of the record in this case, we find these requirements have been met and the trial court has not erred in applying contract law. The most definitive statement in respect to application of rules of law and equity to agreements and the effect of merger or incorporation of agreements into divorce decrees or domestic relations Orders is *Sonder v. Sonder,* 378 Pa.Super. 474, 549 A.2d 155 (1988). The underlying principle of *Sonder* was adopted by the Pennsylvania Supreme Court in *Knorr v. Knorr,* 527 Pa. 83, 588 A.2d 503 (1991).[1] Having determined from *Lipschutz, supra,* that equitable principles are not involved in this case, and will not preclude application of the statute of limitations, we must next consider whether the laws of this

1. It is usually the case that matters relating to divorce decrees, support Orders or agreements are brought in the Domestic Relations Division or Section of the Common Pleas Court. Judges acting in this capacity, regardless of their designation, are exercising jurisdiction as domestic relations judges. *See Marinello v. Marinello,* 354 Pa.Super. 471, 512 A.2d 635 (1986); *Hollman v. Hollman,* 347 Pa.Super. 289, 500 A.2d 837 (1985). The powers of a domestic relations judge are plenary and the function is that of a law judge or equity chancellor as the case demands.

Commonwealth or any public policy will preclude application of the statute of limitations to this action.[2]

 It has long been held the statute of limitations will not bar relief in actions between husband and wife, under the public policy of preserving family harmony. *Shapiro v.*

---

2. Several amendments to the Divorce Code and support law were enacted for the treatment of cases such as these where agreements were entered *subsequent to 1988.* The first is 23 Pa.C.S. § 3105, **Effect of agreement between parties:**

(a) **Enforcement.**—A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

Secondly, in 1988 the support law was amended, 23 Pa.C.S. § 4352, **Continuing jurisdiction over support orders,** to provide:

. . . .

(d) **Arrears as judgments.**—On and after the date it is due, each and every support obligation *shall constitute a judgment against the obligor by operation of law,* with the full force, effect and attributes of a judgment of court, including the ability to be enforced, and shall be entitled as a judgment to full faith and credit in this or any other state.

. . . .

(e) **Retroactive modification of arrears.**—No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification.

. . . .

(h) **Applicability.**—This section applies to all support orders whether entered under this chapter or any other statute.

*Id.* (emphasis added). The provisions of Part IV of the Domestic Relations Code (the relevant statutes above included) shall not effect any marital agreement executed before the date of the Divorce Code of 1980 or any amendment or modification thereto. *See Sonder v. Sonder,* 378 Pa.Super. 474, 549 A.2d 155 (1988). The effect of these statutes is to treat agreements of any kind as Orders of court, subject to laws for enforcement of support Orders and with no authority in the court to remit arrears. It appears that as to any agreements entered after 1988, there is a question as to whether the statute of limitations would apply. These sections are in response to federal laws and regulations which increasingly have limited the ability of states to remit or restrict support obligations because of public welfare concern. As to laches, pursuant to *Jackman v. Pelusi,* 379 Pa.Super. 361, 550 A.2d 199 (1988), the doctrine of laches is applicable only if it is established the husband/father has been prejudiced by the failure of the spouse to enforce the award. *Also see Kay v. Kay,* 460 Pa. 680, 334 A.2d 585 (1975).

*Shapiro,* 424 Pa. 120, 224 A.2d 164 (1966); *Morrish v. Morrish,* 262 Pa. 192, 105 A. 83 (1918). Where, however, the parties are divorced or separated, family harmony, the reason for the rule, does not exist and the rule should not apply. *Powell v. Powell,* 244 Pa.Super. 264, 367 A.2d 314 (1976). In the case now before us, though, wife argues that "[u]nlike their divorced parents, the Horowitz children and their father are still a family unit: they have not undergone a 'final separation' " (Brief of appellant, p. 14). The facts of this case will not sustain this argument. Husband testified that following their separation, his relationship with his ex-wife was not good and that there had been no communication since approximately September, 1976 (N.T., 1/22/90, p. 82). Moreover, husband testified his children became very distant from him after the separation agreement was signed, and this period of "estrangement and difficulty" lasted until each child got older and prepared to leave home (*Id.,* pp. 86–87). Enforcement of the support provisions of the separation agreement by wife on behalf of her children hardly could have ameliorated an already dismal relationship. Therefore, we find the public policy of family preservation does not apply in this case to bar application of the statute of limitations and thus, this claim is without merit.

In *Lipschutz, supra,* the amount of support in an agreement exceeded that which was awarded in a subsequently obtained support Order. However, the amount set forth in the agreement, less the payments which had been made pursuant to the support Order and which constituted arrearages, was awarded only to the date of the support Order, May 26, 1982, the action having been brought for enforcement on May 9, 1985. This Court discussed laches and the statute of limitations and granted the award as to arrearages *but only within the four-year* statute of limitations. It denied appellant's claim that laches applied, as discussed *supra.* All prospective elements of the agreement were enforced pursuant to the claim for specific performance.

In *Cohen v. Cohen*, 352 Pa.Super. 453, 508 A.2d 561 (1986), this Court held that since the claim for arrears in an alimony Order was brought more than six years after the last payment was due, it was barred by the six-year statute of limitations (then in effect as to judgments existing at the time of the decree). In *Van Sciver v. Van Sciver*, 337 Pa. 390, 12 A.2d 108 (1940), our Supreme Court held that an action on arrears pursuant to a spousal and child support trust agreement was not barred because the date of execution was more than six years before suit, as it is a continuing contract but added a caveat "at least as to the sums due within six years." [3]

Wife next argues the trial court erred in calculating increases in husband's support obligations as provided by the parties' separation agreement. Paragraph 7(a) of the agreement states:

> Should Husband's salary and professional fees increase by $10,000, Wife shall receive 20% thereof as additional support to allocate proportionately with the support provision of Paragraph 6. Any income up to $10,000 shall not be deemed to be a basis for modification for any increases in earnings over and above the first $10,000. Husband agrees he will pay an additional 10% of any such increases.

Agreement, para. 7(a).

This Court believes the agreement, finally adopted after drafting by attorneys for both parties, could have been crafted more artfully to reflect more accurately the parties' intentions on this issue. Our review of the evidence, however, does not lead us to a different conclusion than that reached by the trial court, and "we interpret the Agreement

---

**3.** In two ALR annotations, *Statute of limitations, laches or acquiescence as defenses to action or proceeding for alimony or support allowed by court Order or decree, 70 ALR2d 1250, and Laches or acquiescence as defenses, so as to bar recovery of arrearages of permanent alimony or child support, 5 ALR4th 1015*, it is generally held that the statute of limitations does apply as a defense in most states, while laches is much less an available defense. Whether or not it does apply is dependent in a large measure on statutory provisions.

in accordance with its language which means that the increase in income of Ten Thousand or less is not counted for increase in payment but twenty percent of the second ten thousand dollars is included plus ten percent of any balance" (Slip Op., Subers, J., 3/13/91, p. 5). We also find wife's claims of trial error in determining the tax year to serve as a base for computing husband's obligations and determining the portion of income to be used in computations are matters within the realm of the trial court as fact finder. On the basis of the evidence introduced, we find no error on the part of the trial court in computing husband's obligations, and find these claims are without merit.

■ The third claim advanced by wife is the trial court erred in failing to require husband to pay $3,100 for his daughter Jennifer's 1984 summer "teen tour" across the country, as required in the separation agreement for summer camp tuition. Wife contends the separation agreement contained no provision for consultation with husband concerning the choice of summer programs for the children, and the "teen tour" did not differ significantly from other summer programs husband had paid for previously. This argument is likewise without merit.

Although husband agreed in other years to pay for summer camps and related programs, we agree with the trial court's finding that the cross-country "teen tour" was of a far different nature than the other camps, and at a much greater cost. Thus, even though husband paid for other programs which were not defined strictly as summer camps, he was not obligated to pay for Jennifer's "teen tour," and the trial court found correctly husband was not required to reimburse wife for this expense.

■ Wife also argues the trial court erred in finding a payment of $5,000 from husband's father to wife satisfied husband's obligation under the agreement to pay wife $3,700 for "certain immediate needs." Again, this issue deals with the trial court's determination of the credibility of witnesses. Wife testified the money she received was a

gift and had nothing to do with the separation agreement (N.T., pp. 289–290), but husband's father testified he made the payment for his son after wife informed him she had not received the payment husband was supposed to give her (N.T., p. 162). We find no abuse of discretion in the trial court's crediting of the testimony of husband's father over that of wife.

Finally, appellant and amicus suggest that public policy should not deny a child the right to support because of the agreement or failure to enforce an agreement by the parent. This argument misses the point. Appellant cites the proposition that it should be the public policy of Pennsylvania to adopt the position that the statute of limitations does not apply and although citing numerous cases which protect the child's right to ongoing and present support, there are none in this jurisdiction which are authority for her position. The right to present and continued support may not be equated with failure of a parent to enforce an agreement or support Order for amounts that have been accumulated prior to the running of the statute. Those amounts become debts or judgments as provided by contract or statute, and absent a statute providing special treatment, the defense of the statute of limitations applies. This is not to be confused with running of a statute of limitations for bringing an action for support or paternity. Such a duty is a continuing one until the child reaches majority or is emancipated and no statute bars such an action until the duty terminates by operation of law. This does not mean that an action may be brought to collect retroactive amounts due earlier than the date a complaint for support is filed. *See* Pa.R.C.P. 1910.17(a)[4] and 23 Pa.C.S. § 3701(e).[5] Public policy issues are generally better

---

**4.** Rule 1910.17. **Support Order. Effective Date. Change of Address or Employment. Copies of Order.**

(a) An order of support shall be effective from the date of the filing of the complaint unless the order specifies otherwise.

**5.** 23 P.S. 501(e), now 23 Pa.C.S. § 3701(e), states:

left to the legislature to formulate rather than by edicts of the court, particularly when it can be demonstrated that the legislature has selectively considered the effect of statutes of limitations relating to children in domestic, civil and criminal matters. As to support, actions for support for children of a marriage are and have been sustainable from birth to majority. In recent years, responding to pronouncements by the United States Supreme Court, statutes of limitations for bringing actions for support of children out of wedlock were extended from one year, to two years, to six years, and finally, as codified at 23 Pa.C.S. 4343(b), to eighteen years. By Act of May 30, 1984, 42 Pa.C.S. § 5533, Infancy, insanity or imprisonment, an unemancipated minor entitled to bring a civil action shall have the same time for commencing an action *after* attaining majority as is allowed to others by the statute.

In criminal actions for any sexual offense committed against a minor who is less than eighteen years of age, pursuant to amendment of December 19, 1990, 42 Pa.C.S. § 5552(c)(3), prosecution may be commenced any time up to the period of limitations provided by law after the minor has reached eighteen years of age. Clearly, the legislature has acknowledged special circumstances when the statute of limitations must be extended for the benefit of children and it cannot be assumed that failure to provide such an extension in child support cases was a matter of legislative neglect or omission. As a final argument appellant refers to *Oman v. Oman*, 333 Pa.Super. 356, 482 A.2d 606 (1984), as support for the principle that the support obligation runs to the child and not to the parent, therefore, the parent cannot by his or her action deny the child the right of support from the other parent. This allegation simply confuses the issues regarding who may be the moving party when the duty to support is owing and timeliness of collect-

(e) **Modification and termination.**—An order entered pursuant to this section is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature.... Any further order shall apply only to payments accruing subsequent to the petition for the requested relief.

ing past due support payments. *See* Pa.R.C.P. 1910.3.[6] The statute of limitations applies whether the duty runs to the child directly or to the custodial parent as guardian of the child. While the public policy considerations may warrant a change in the law, under the facts of this case we must affirm the judgment of the trial court.

For the foregoing reasons, we find no merit in any of wife's claims of error, and we affirm the judgment of the trial court in its entirety.

Judgment affirmed.

BROSKY, J., concurs in the result.

<hr>

6. Rule 1910.3. **Parties**
An action shall be brought
 (1) by a person, including a minor spouse, to whom a duty of support is owing, or
 (2) on behalf of a minor child by a person having custody of the minor, without appointment as guardian ad litem, or
 (3) by a public body or public or private agency having an interest in the care, maintenance or assistance of a person to whom a duty of support is owing, or
 (4) by a parent on behalf of a child over eighteen years of age to whom a duty of support is owing, with written consent of the child.