## Oneida County Support Collection Unit v. Bloomfield

C.P. of Bucks County, no. 89-62114-S.

*Michael K. Parlow, assistant district attorney,* Bucks County.
*J. Michael Ruttle,* for defendent.

DEVLIN SCOTT, *J.,* May 2, 1995—Charles Bloomfield has filed an appeal to the Superior Court of our order of December 15, 1994 denying his petition to contest registration of a foreign support order.

In 1989, the Oneida County Support Collection Unit in Utica, New York instituted URESA proceedings against the defendant to collect a support arrearage as a result of defendant's nonpayment of a support order originally entered in the State of Virginia for support of the couple's four children. The arrearage was in the amount of $9,650.

In 1989, a notice of a support conference was mailed to the defendant, at his last known address at 1041B East Holland Road in Holland, Bucks County, Pennsylvania, by regular and certified mail. The address was a farm owned by the defendant's brother. The certified mail was returned unclaimed, but the regular mail was not returned. This mailing put the defendant on notice of the arrears and the action by the plaintiff.

The defendant failed to appear for the support conference scheduled for September 20, 1989. No further action was taken. Three years elapsed and the plaintiff called the Bucks County Support Office seeking information. As a result of the telephone call, the plaintiff forwarded the second URESA petition. On August 18, 1993, a notice of registration was delivered by the Bucks County Support Investigator to defendant's new address, Pineway Farms in Langhorne, Pennsylvania.

The act of delivering the notice to the defendant triggered the commencement of the 20-day period to contest registration as dictated by 23 Pa.C.S. §4540(b). 23 Pa.C.S. §4540(b) reads in pertinent part:

"Following the notice of registration the obligor has 20 days after the mailing of notice of the registration in which to petition the court to vacate the registration

or for other relief. If he does not so petition, the registered support order is confirmed."

On September 28, 1993, the registration of arrearage was accepted by this court. A notice to that effect was mailed to the defendant. On October 18, 1993, a petition for contempt was filed. On November 4, 1993, the defendant filed a petition to vacate registration. By taking no action of any kind until November 4, 1993, the defendant effectively waived any objection to the registration of arrears. We will, however, address the issues raised on appeal.

A hearing on the contempt was scheduled for April 25, 1994, at which time this court continued the contempt proceeding and directed the parties to file briefs regarding the registration issue. An order was entered on December 15, 1994 denying the petition to contest registration and the arrears in the amount of $9,650 were registered. Thereafter, the defendant instituted this appeal.

The defendant now avers the following errors:

"(1) The lower court's conclusion that the plaintiff did not need to request registration of a foreign order is contrary to the provisions of the Act, arbitrary, capricious and an abuse of discretion.

"(2) The lower court's conclusion that the defendant's argument on lack of jurisdiction and defective service were without merit constituted reversible error.

"(3) The lower court's conclusion that the statute of limitations is not applicable is reversible error.

"(4) The lower court's reliance on *Bullock v. Bullock,* 432 Pa. Super. 643, 639 A.2d 826 (1994) is reversible error since according to the defendant, *Bullock* does not support the conclusion reached by the lower court.

12

"(5) The lower court's conclusion that the 1989 filing by the plaintiff had the effect of tolling the statute of limitations is reversible error."

Averments 1, 3, 4 and 5 involve the statute of limitations and related issues. Averment 2 involves service and jurisdiction. We will address the statute of limitation issues first.

We find that the case law indicates that actions of this type are not barred by any statute of limitations. In *Bullock,* the trial court was faced with enforcing a court order for support entered some 33 years earlier. Our Superior Court affirmed the finding of contempt and further commented that there is a substantial difference between a support obligation created by court order and support entitlement arising out of private contracts.

More recently, in *Commonwealth ex rel. Brendel v. Brendel,* 429 Pa. Super. 319, 632 A.2d 876 (1993), our Superior Court denied the defense of laches to a husband who was ordered to pay a substantial support arrearage that began to accrue 20 years earlier.

Additionally, the Pennsylvania Divorce Code does not provide a statute of limitations for URESA actions. The defendant argues, however, that a six year statute of limitations applies, as is the case in foreign money judgment situations, pursuant to 42 Pa.C.S. §5527. We do not agree. Further, the decisions cited and relied upon by the defendant, *Cohen v. Cohen,* 352 Pa. Super. 453, 508 A.2d 561 (1986), and *Horowitz v. Horowitz,* 411 Pa. Super. 21, 600 A.2d 982 (1991) do not support the imposition of the statute of limitations to the collection of support arrearage.

The order for child support in the instant case was court imposed and, consequently, court enforceable. The courts in *Cohen* and *Horowitz* involve very different

circumstances, that is, agreements providing for the payment of funds. In *Cohen,* alimony payments pursuant to a property settlement agreement were unpaid for a period of time and in *Horowitz,* child and spousal support payments likewise pursuant to an agreement were not paid. The court in *Horowitz* ultimately relied on contract law to determine that the agreement was not enforceable.

Defendant avers that because the parties in the instant case are not husband and wife, the cases that dictate that actions between husbands and wives are not barred by the statute of limitations do not apply. We are not persuaded by this reasoning. In the instant case, the plaintiff is acting on behalf of wife to collect monies expended for the care and well-being of the children. The plaintiff is standing in the shoes of the wife and public policy mandates that defendant not be allowed to assert that because the plaintiff and defendant are not married to each other the defendant escapes responsibility for this support arrearage.

Finally, if there was a statute of limitations, the defendant did not assert it in a timely manner. It is widely recognized that the affirmative defense of the statute of limitations must be asserted in a timely fashion.

With regard to the lack of jurisdiction and defective service, we look to defendant's argument, which we note is not supported by case law. Initially, defendant acknowledges that the premises in question share one United States Postal Service address. No one avers that the person who was given the document, Michael Marzi, was not a competent adult. Therefore, service of the notice was perfected and meets the requirements of Pa.R.C.P. 402 when it was accepted by Mr. Marzi.

Furthermore, defendant's argument that Mr. Marzi was not qualified to accept service is moot in light

of the fact that the defendant is now aware of the registration of the arrearage.

Once again, public policy dictates that the defendant should not be permitted to successfully claim that he had no knowledge of the action until enough time elapsed triggering use of the statute of limitations as a viable defense. In 1989, notices were sent by regular and certified mail. The regular mail was never returned. In 1994, the defendant claims ineffective· service, thereby implying no knowledge of this action until a petition for contempt was received.

For the foregoing reasons we denied defendant's petition to contest registration of a foreign support order.