J-A03029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY JANE MARMO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT J. MARMO | : | |
| | : | |
| Appellant | : | No. 2597 EDA 2017 |

Appeal from the Order Entered July 10, 2017
In the Court of Common Pleas of Chester County Domestic Relations at
No(s):  1763N2015  PACSES 051115671,
2012-10451-DI

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 27, 2018**

Vincent J. Marmo ("Husband") appeals from the order imposing late fees as a contempt sanction for his failure to make timely support and counsel fee payments, as required by prior orders. On appeal, Husband argues that the trial court improperly imposed the late fee sanction and failed to assess properly his ability to pay before imposing the sanction. We affirm.

Wife filed a Divorce Action in October 2012, and although that action is still ongoing, in March 2015, the parties entered into a Property Settlement Agreement ("Agreement") pursuant to which Husband was to pay Wife alimony and/or alimony *pendent lite*. They subsequently entered into a Stipulation in May 2016 that required Husband, among other things, to pay $7,000 per month in alimony through May 2017, $2,500 per month in child

_____

*   Retired Senior Judge assigned to the Superior Court.

support, and $250 per month towards arrears. The Stipulation was reduced to an order dated May 19, 2016 (the "May 2016 Order").

Wife filed a contempt petition on September 14, 2016, for Husband's failure to comply with the May 2016 Order, alleging that Husband had not paid spousal or child support. The trial court held a hearing on November 14, 2016, after which the court found Husband in contempt. The following day, the court ordered Husband to pay $2,000 per month towards arrears and $1,500 in counsel fees (the "November 2016 Order").

Approximately one month later, on December 19, 2016, Wife filed an Emergency Petition for Special Relief asserting that Husband had failed to pay alimony, child support, and arrears, and that she had exhausted all financial resources available to her. After a hearing, the court found Husband in willful contempt of both the May 2016 and November 2016 Orders, as well as a support order entered in April 2015.

Consequently, the court entered an order that sentenced Husband to one year of probation, with the probation conditions that he "post" his alimony payments by the first and fifteenth of the month; pay $2,000 a month toward arrears until the arrearages were eliminated; and "post" his child support and arrears payments within the month they are due. Order dated 1/20/17 (the "January 2017 Order"), at 2. The January 2017 Order also directed Husband to pay on or before January 30, 2017 the $1,500 in counsel fees that the November 2016 Order had imposed, and imposed an additional $1,500 in

counsel fees, likewise to be paid on or before January 30, 2017. The court also warned Husband in the January 2017 Order that failure to comply could result in additional penalties, including a $50 per day fee for late alimony and child support payments, and a $100 per day fee for counsel fees that remained unpaid after January 30, 2017.

Wife filed yet another petition for contempt on March 15, 2017, alleging that Husband had failed to pay both the $3,000 in counsel fees that were due by January 30, 2017, and the March 2017 $3,500 alimony payment. After a hearing, the court found Husband in "continuing contempt of the Agreement" as enforced by the May 2016, November 2016, and January 2017 Orders. The court then entered a pair of orders dated July 10, 2017 (the "July 2017 Orders"), one under a Domestic Relations docket number and the other under the Divorce Action docket number. As the court had warned in the January 2017 Order, it ordered Husband to pay $100 for each day late in paying counsel fees and $50 for each day late in paying alimony, for total late fees at that time of $12,450.

Husband appealed to this Court on August 9, 2017. He raises two issues for our review:

1. Did the trial court err and abuse its discretion in assessing Husband not only counsel fees for late payment of alimony and child support, but also a $100.00 per day additional counsel fee penalty for failure to pay the assessed counsel fees timely?

2. Did the trial court err and abuse its discretion in its assessment of Husband's ability to pay counsel fees?

Husband's Brief at 6.

Our standard of review when considering an appeal from an order holding a party in contempt of court is narrow: We will reverse only if the appellant establishes that the lower court abused its discretion. *Godfrey v. Godfrey*, 894 A.2d 776, 780 (Pa.Super. 2006). The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. *Id.*

In his first issue, Husband likens the late fees to an award of counsel fees, and argues that the fees are improper because they are unreasonable in comparison to the work Wife's counsel performed. He further argues that the late fees are improper because there is no statutory provision for an award of a "late fee" on counsel fees. These arguments lack merit.

Husband's argument that the late fees amount to an unreasonable counsel fee is based on a patent mischaracterization of the July 2017 Orders. Both Orders state that the January 2017 Order threatened a "$100.00 per day **late fee sanction"** if Husband did not pay the counsel fees by January 30, 2017. Orders, dated 7/10/17, at 2 (emphasis added). The terms of the Orders themselves thus make it clear that the late fees were a contempt sanction, as do the history of the proceedings and the text of the court's prior orders. That is, the July 2017 Orders merely followed up on the warning in the January 2017 Order that if Husband failed to abide by that Order's directives, he ran

- 4 -

the risk of additional sanctions, including the late fees. Any notion that the fees had to be "reasonable" in comparison to counsel's work lacks foundation.

Husband is also incorrect that the trial court needed statutory authorization to impose the late fees as a contempt sanction. A judge imposing contempt sanctions for violation of a court order in an action under either the Divorce Code or the Domestic Relations Code enjoys the full powers of a court of equity. *See* 23 Pa.C.S.A. § 3323(f) (providing that court in divorce action has "full equity power and jurisdiction"); *Prol v. Prol*, 935 A.2d 547, 553 (Pa.Super. 2007);[1] *Stamerro v. Stamerro*, 889 A.2d 1251, 1257 (Pa.Super. 2005).[2] The court may therefore impose any appropriate sanction for noncompliance with its orders. *Prol*, 935 A.2d at 553. Husband cites two cases for the contrary proposition, *Blinkoff v. Blinkoff*, 483 A.2d 929, 933 (Pa.Super. 1984), and *Bruzzi v. Bruzzi*, 481 A.2d 648 (Pa.Super. 1984). However, he does not explain how either case supports his position, and

---

[1] "[T]he Divorce Code grants trial courts broad powers to enforce orders of equitable distribution, and provides remedies available against one who fails to comply with a court's order of equitable distribution." *Prol*, 935 A.2d at 553 (quoting *Richardson v. Richardson*, 774 A.2d 1267, 1270 (Pa.Super. 2001)).

[2] "The powers of a domestic relations judge are plenary and the function is that of a law judge or equity chancellor as the case demands." *Stamerro*, 889 A.2d at 1257 (quoting *Horowitz v. Horowitz*, 600 A.2d 982, 984 n. 1 (Pa.Super. 1991)).

neither decision, in our view, has any relevance here.[3] Husband's first issue is devoid of merit.

In his second issue, Husband claims that the trial court erred and abused its discretion in assessing Husband's ability to pay counsel fees. He maintains that the trial court failed to take into account the cumulative effect of his monthly financial obligations, which he states include child support, alimony, and college tuition, in addition to the arrearage, counsel fee, and late fee payments the trial court ordered.

This issue is also meritless. Husband challenges the imposition of "counsel fees," when, as explained above, the July 2017 Orders imposed late fees as a contempt sanction, not counsel fees. Any claim that the order from which Husband appealed – the July 10, 2017 order in the Domestic Relations Section imposing late fees as a contempt sanction – improperly imposed counsel fees lacks any basis in the record.

To the extent Husband means to say that the Court should not have imposed the late fees (which he characterizes as counsel fees) as a sanction because he lacked adequate resources to pay them, we perceive no abuse of discretion. An alleged contemnor's claim of present inability to comply with a

---

[3] **See Blinkoff**, 483 A.2d at 932 n.2, 933 (holding trial court lacked subject matter jurisdiction to modify visitation order, where children resided in New York, but had "inherent power to enforce" its own order); **Bruzzi**, 481 A.2d at 654 (vacating sentence of imprisonment as improper sanction for indirect criminal contempt).

purge condition is an affirmative defense that the alleged contemnor bears the burden of proving. **Childress v. Bogosian**, 12 A.3d 448, 465 (Pa.Super. 2011) (citing **Barrett v. Barrett**, 368 A.2d 616, 621 (Pa. 1977)).

Husband is a cardiologist and claims to work 360 days a year. N.T. 1/17/17 at 97; N.T., 4/21/17, at 57. He testified that he "is under financial constraints such that [he has] an issue relative to payment of [the court-ordered counsel fees]." **Id.** at 55. He explained that while in some months his practice may have no revenue, due to delays in payment, in other months, his practice receives large payments. **Id.** Nonetheless, he pays his son's tuition of approximately $68,000 a year on a monthly basis, as well as the mortgages, taxes, and insurance for his primary residence as well as for three other properties. N.T., 1/17/17, at 82, 85-87. Husband presented no testimony or evidence that he has fallen behind on these financial obligations. He also presented no testimony that he had to borrow money or liquidate funds from an IRA in order to make his monthly payments. **Id.** at 11, 21, 24.

The trial court assessed the evidence before it and evidently disbelieved any claim that Husband has access to insufficient financial resources to pay the late fees. On the record presented, we cannot say that the trial court abused its discretion in assessing Husband's ability to pay.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/18